406 S.E.2d 470

Mark A. ROBINSON, Individually, and Julie A. Robinson, Individually and as Parent and Legal Guardian of Mark W. Robinson, II, an Infant, Plaintiffs, Appellees,

v.

CONTINENTAL CASUALTY COMPANY, an Illinois Insurance Company doing business in the State of West Virginia, and Kevin Cushing, Defendants, Appellants.

No. 19995.

Supreme Court of Appeals, of West Virginia.

Submitted May 15, 1991.

Decided June 27, 1991.

William S. Druckman, Lewis, Ciccarello & Friedberg, Charleston, for plaintiffs, appellees.

Michael P. Tone, Peterson & Ross, Chicago, Ill., and David L. Shuman, Mark W. Browning, Shuman, Annand & Poe, Charleston, for defendants, appellants.

NEELY, Justice:

In this case we are asked to answer the following certified question:

Is an action for bad faith failure to settle a claim and the commencement of formal discovery therein premature when the appellate process has not yet been completed in the underlying action?

We answer the question in the affirmative.

The plaintiffs' complaint for unfair settlement practices arises from an underlying medical malpractice suit brought on 17 October 1988 against Dr. Kanoj K. Biswas, entitled *Mark A. Robinson, et al. v. Kanoj K. Biswas, M.D.*, Case No. 88–C–3685. In that action, the plaintiffs alleged that Dr. Biswas's negligence in delivering their child was the proximate cause of the child's disabling abnormalities. In February 1990, after a trial lasting six weeks, plaintiffs obtained a jury verdict for $15,250,000 against Dr. Biswas. Dr. Biswas appealed that decision, but the appeal will not be heard by this court until September 1991.

After receiving the jury verdict against Dr. Biswas, plaintiffs brought suit against Dr. Biswas's insurance company for bad faith failure to settle under the Unfair Trade Practices Act, *W.Va.Code*, 33–11–1

[1974], *et seq.*, in particular, *W.Va.Code*, 33–11–4(9) [1985]. In developing this second lawsuit, plaintiffs began discovery and made requests for production of items such as the insurance company's claim file. Plaintiffs also noticed the deposition of Kevin Cushing, a defendant and Continental Casualty's employee.

The problem highlighted in today's case is the discovery involved in the second action. Plaintiffs in this case have asked for claim files of the defendant insurance company, including the file for the claim against Dr. Biswas. If we were to remand the underlying action between plaintiffs and the doctor for a new trial, it is entirely possible that the contents of the insurance company's claim file would prejudice Dr. Biswas's case. Of course, the insurance company or the doctor could move the court to restrict production of documents that would qualify as work product or would be otherwise privileged. However, this is a Pandora's box that we would as soon not open.

■ In Syllabus Point 2 of *Jenkins v. J.C. Penney Cas. Ins. Co.*, 167 W.Va. 597, 280 S.E.2d 252 (1981), we said:

An implied private cause of action may exist for a violation by an insurance company of the unfair settlement practice provisions of W.Va.Code, 33–11–4(9); but such implied private cause of action cannot be maintained until the underlying suit is resolved.

In the body of the *Jenkins* opinion, we explained our reasoning very clearly:

In the present case, the claim is made under W.Va.Code, 33–11–4(9)(f), which involves not attempting in good faith to make a prompt, fair settlement of a claim in which liability has become reasonably clear. It can hardly be doubted that in a given factual situation there may be some bona fide dispute over what is a fair settlement offer or whether liability is reasonably clear. Given the adversarial nature of the settlement of tort claims, it can be expected that the parties will often disagree as to whether there has been a reasonable attempt made to promptly and fairly settle a claim where the liability is reasonably clear.

To permit a direct action against the insurance company before the underlying claim is *ultimately resolved* may result in duplicitous litigation since the issue of liability and damages as they relate to the statutory settlement duty are still unresolved in the underlying claim. Once the underlying claim has been resolved, the issues of liability and damages have become settled and it is possible to view the statutory claim in light of the final result of the underlying action. A further policy reason to delay the bringing of the statutory claim is that once the underlying claim is resolved, the claimant may be sufficiently satisfied with the result so that there will be no desire to pursue the statutory claim. Moreover, it is not until the underlying suit is concluded that the extent of reasonable damages in the statutory action will be known.

*Id.*, 167 W.Va. at 608–609, 280 S.E.2d at 259.

■ The only thing left for us to resolve today is whether "ultimately resolved" means "resolved in a trial on the merits," or whether it means what it appears to mean, *ultimately* resolved—that is, resolved after any and all appeals. In this regard, we believe our reasoning in *Jenkins* applies equally well when the underlying suit is pending on appeal. The liability and damages are not established until the appeal is decided.

The plaintiffs rely primarily upon two cases, *Rolden v. Allstate Insurance Co.*, 149 A.D.2d 20, 544 N.Y.S.2d 359, 363–64 (2 Dept.1989) and *Fode v. Farms Ins. Exchange*, 221 Mont. 282, 719 P.2d 414 (1986) to support their position that the certified question should be answered in the negative.

The court in *Rolden*, a case in which the insured assigned its cause of action to the plaintiff, noted that it need not decide when a cause of action for bad faith accrues, i.e. "when the underlying judgment in excess of the policy amount is entered" or "when appellate review of it is exhausted." The court suggested that such an action could

be stayed pending appeal of the underlying judgment.

In the *Fode* case, the court was concerned about a statute of limitations problem. It concluded that the bad faith case could be filed to toll the statute and to speed ultimate disposition of the case. The court did suspend proceedings until liability was determined in the underlying case at the trial level.

Because of our holding in *Jenkins v. J.C. Penney Co., supra,* that a direct action against the insurance company would not lie until the underlying claim is ultimately resolved, it is clear that a statute of limitations question is not now an issue of significance to us. For the reasons stated, we are of the opinion that *Jenkins v. J. C. Penney* controls this case.

Although bare reversal or affirmance of the underlying judgment is not necessarily dispositive of the bad faith issue, no one can know whether the insurance company should have settled until we decide whether the verdict below was proper. If we reverse the trial court's judgment, that reversal would arguably strengthen the insurance company's position that it did not act in "bad faith." If we affirm, the insurance company and plaintiffs might reach a reasonable settlement, saving the already overloaded court system needless litigation.

Accordingly, the certified question is answered and it is ordered that this case be dismissed from the docket.

Certified question answered.