**Douglas K. AMDAHL, Receiver for C & L Restaurant, Inc., Respondent,**

v.

**STONEWALL INSURANCE COMPANY, an Alabama corporation, Appellant,**

**Jerome Cassidy, et al., Defendants.**

**No. CX–91–2074.**

Court of Appeals of Minnesota.

May 12, 1992.

Review Denied July 16, 1992.

Gary Stoneking, Stoneking & Associates, P.A., Minneapolis, for respondent.

Janet Waller, Chestnut & Brooks, P.A., Minneapolis, for appellant.

Considered and decided by KALITOWSKI, P.J., and LANSING and SCHUMACHER, JJ.

## OPINION

LANSING, Judge.

In a discretionary appeal, an insurer challenges the trial court's denial of its motion to dismiss this suit as untimely under the statute of limitations and for insufficient service of process. We affirm.

## FACTS

John McGuire and Cheryl Wilebski sued C & L Restaurant for injuries sustained when an intoxicated motorist, to whom C & L served liquor, struck the motorcycle they were riding. Stonewall Insurance Company, C & L's liquor liability insurer, defended C & L in the consolidated action. The jury returned a verdict of $4,349,000, which exceeded the policy's liability insurance limit of $250,000 for a common cause.

After the trial, Stonewall settled Wilebski's claim for $125,000, and the court reduced McGuire's award to $250,000, the statutory maximum under the Civil Damages Act. Minn.Stat. § 340.95 (1980). McGuire appealed the judgment to the

Minnesota Supreme Court. C & L did not post a supersedeas bond, and during the pendency of the appeal, McGuire collected a minimal amount of the judgment by execution. The supreme court held the Civil Damages Act unconstitutional and ordered judgment in the original amount. *McGuire v. C & L Restaurant*, 346 N.W.2d 605 (Minn.1984).

McGuire obtained an order appointing a receiver for C & L to bring this action asserting C & L's claim against Stonewall for failure to settle McGuire and Wilebski's claims within the limits of C & L's policy. The receiver forwarded the summons and complaint to the sheriff of Jackson County, Alabama. A deputy served the papers on the executive secretary to Stonewall's president at its Alabama headquarters.

## ISSUES

I. When does the statute of limitations begin to run on a claim against an insurer for bad-faith failure to settle?

II. Is service of process on the executive secretary to the insurance company's president effective?

## ANALYSIS

### I

 Actions based on insurance contracts are subject to a six-year statute of limitations. Minn.Stat. § 541.05, subd. 1(1) (1990). The limitations period begins to run when an insured has an identifiable claim against the insurer. *Spira v. American Standard Ins. Co.*, 361 N.W.2d 454, 457 (Minn.App.1985), *pet. for rev. denied* (Minn. Mar. 29, 1985). Stonewall submits that C & L had an identifiable claim on the date judgment was entered on the jury verdict because the combined Wilebski settlement and McGuire judgment exceeded the Stonewall policy limits by $125,000. The trial court disagreed, holding that the limitations period on a bad-faith failure to settle a claim does not begin to run until the appellate process is complete and final judgment is entered.

Minnesota appellate courts have not considered this specific issue, but courts in other jurisdictions have generally held that an action against a liability insurer for failure to settle a claim does not accrue and the statute of limitations does not begin to run until the judgment against the insured is final. *See* J.H. Cooper, Annotation, *Limitation of Action Against Liability Insurer for Failure to Settle Claim or Action Against Insured*, 68 A.L.R.2d 892 (1959). The rationale for these holdings is demonstrated in this case.

C & L must be able to plead that Stonewall acted in bad faith in considering settlement offers and that C & L was injured as a result. *Lange v. Fidelity & Casualty Co.*, 290 Minn. 61, 64–65, 185 N.W.2d 881, 884 (1971). Depending on the supreme court's resolution of the constitutional challenge to the Civil Damages Act and the requests for a new trial, C & L faced liability of over four million dollars, $250,-000, or nothing. Because the final outcome of the original action is probative of the reasonableness of Stonewall's refusal to settle, C & L did not know if it had a viable claim until the appellate process was complete. *See Larraburu Bros., Inc. v. Royal Indem. Co.*, 604 F.2d 1208, 1215 (9th Cir. 1979); *see also Torrez v. State Farm Mut. Auto. Ins. Co.*, 705 F.2d 1192, 1202 (10th Cir.1982); *Purdy v. Pacific Auto. Ins. Co.*, 157 Cal.App.3d 59, 81, 203 Cal.Rptr. 524, 537 (1984).

Requiring an insured to sue an insurer before the underlying claim against the insured is conclusively resolved would foster premature, if not unnecessary, litigation. *Jenkins v. J.C. Penney Casualty Ins. Co.*, 167 W.Va. 597, 608–09, 280 S.E.2d 252, 259 (1981), *quoted in Robinson v. Continental Casualty Co.*, 185 W.Va. 244, 245, 406 S.E.2d 470, 471 (1991). Finality of the underlying suit is necessary to establish not only the existence of damages but also the extent. *Id.; see also Oliver B. Cannon & Son, Inc. v. Fidelity & Casualty Co.*, 484 F.Supp. 1375, 1389 (D.Del.1980) (result would be absurd if amount of damages changed after appeal and claimant's recovery exceeded liability).

C & L's agreement to pay McGuire the statutory maximum rather than incur the expense of a new trial solely on the issue of liability did not resolve the damages issue.

*See Marenger v. Hartford Accident & Indem. Co.*, 219 Cal.App.3d 625, 632, 268 Cal.Rptr. 290, 294 (1990) (without final judicial declaration of liability and damages, the insurer's duty to effectuate a good-faith settlement is not established). Neither does C & L's failure to file a supersedeas bond affect our holding. The failure to stay entry of the underlying judgment on appeal does not determine finality for purposes of limitation of actions. Finally, the case relied on by McGuire is distinguishable. In *Roldan v. Allstate Ins. Co.*, 149 A.D.2d 20, 544 N.Y.S.2d 359 (1989), the statute of limitations began to run from the time judgment was entered because there is no right to appeal from a default judgment under New York law. *Id.* at 28, 544 N.Y.S.2d at 364.

## II

██ The trial court denied Stonewall's motion to dismiss C & L's suit for ineffective service of process. Denial of a motion to dismiss for ineffective service of process is appealable as a matter of right. *See In re State & Regents Bldg. Asbestos Cases*, 435 N.W.2d 521, 522 (Minn.1989). The determination of whether a summons and complaint is properly served is a jurisdictional question of law. *McBride v. Bitner*, 310 N.W.2d 558, 563 (Minn.1981); *Jacobson v. World of Computers, Inc.*, 416 N.W.2d 845, 846 (Minn.App.1987).

Minnesota's long-arm statute provides for personal jurisdiction over foreign corporations transacting business within Minnesota. Minn.Stat. § 543.19, subd. 1(b) (1990). Although the trial court did not rule on whether Alabama or Minnesota law applied, historically the proper method for service of process on a foreign corporation has been determined by the law of the forum. *Bloom v. American Express Co.*, 222 Minn. 249, 257, 23 N.W.2d 570, 575 (1946). Because Alabama's requirements for personal service on a corporation are less stringent than Minnesota's requirements, if service is effective under Minnesota law, a choice of law analysis is unnecessary. *See* Ala.R.Civ.P. 4(c)(6) (allowing service on any agent of the corporation).

Minn.R.Civ.P. 4.03(c) provides that personal service of a summons on a foreign corporation is sufficient if the agent receiving the service is expressly or impliedly authorized to accept process. Stonewall's actual notice of the lawsuit supports liberal construction of the rules and consideration of substantial compliance. *See Thiele v. Stich*, 425 N.W.2d 580, 584 (Minn.1988); *Larson v. Hendrickson*, 394 N.W.2d 524, 526 (Minn.App.1986).

██ Express authority is created when the principal manifests consent to the agent to act on behalf of the principal. *Hockemeyer v. Pooler*, 268 Minn. 551, 565, 130 N.W.2d 367, 377 (1964). Implied authority includes those powers that are essential to carry out duties expressly delegated. *Id.* In other words, implied authority is actual authority circumstantially proved. *Derrick v. Drolson Co.*, 244 Minn. 144, 152, 69 N.W.2d 124, 130 (1955); *see also Schlick v. Berg*, 205 Minn. 465, 468–69, 286 N.W. 356, 358 (1939) (implied authority is actual authority inferred from a course of dealing between the principal and agent).

██ The undisputed facts are sufficient to conclude that the executive secretary to Stonewall's president had implied, if not express, authority to accept service. The secretary's written job description charges her with the duty of controlling suits and legal paper flow within the company. With the president's knowledge, the secretary has for over ten years routinely accepted service of process, recorded the receipt of process in a log kept at her desk, and forwarded the papers to the claims department. She continued to receive service of process and follow this procedure after accepting service in this action and has never been instructed to do otherwise. The deputy sheriff who served the summons has served process on the same secretary a number of times.

## DECISION

We affirm the trial court's decision. C & L properly served Stonewall within the limitations period.