**Rodney Scott MAHER, Plaintiff,**

v.

**CONTINENTAL CASUALTY COMPANY, Defendant.**

No. 6:93–0916.

United States District Court, S.D. West Virginia, Parkersburg Division.

April 12, 1994.

Joseph W. Caldwell, Caldwell, Cannon–Ryan & Riffee, Vincent J. King, Charleston, WV, for plaintiff.

Richard A. Hayhurst, Parkersburg, WV, for defendant.

### *MEMORANDUM OPINION AND ORDER*

HADEN, Chief Judge.

This case went to trial with a jury on March 24, 1994. At the close of Plaintiff's case, the Defendant rested without presenting evidence and moved for judgment in favor of the Plaintiff for $5,117.98, pursuant to

Rule 50(a) of the Federal Rules of Civil Procedure. The Court GRANTED this motion and ORDERED the Defendant to pay the Plaintiff this amount, plus interest. The Defendant has since paid the Plaintiff a stipulated judgment of $6,851.08, which includes prejudgment interest. The Court DISMISSED all other claims of the Plaintiff.

Under Rule 50(a) of the Federal Rules, a court may grant judgment as a matter of law during a jury trial, after a party has been fully heard on the issue, if "there is no legally sufficient evidentiary basis for a reasonable jury to have found for that party with respect to that issue." The court must consider the evidence in the light most favorable to the nonmoving party and determine whether reasonable triers of fact could draw only one conclusion. *Townley v. Norfolk & Western Ry. Co.*, 887 F.2d 498, 499 (4th Cir.1989). To avoid judgment as a matter of law, the nonmoving party must produce at trial more than a scintilla of evidence to support the material aspects of his case. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–252, 106 S.Ct. 2505, 2511–2512, 91 L.Ed.2d 202 (1986). Based on this standard the Court rules as follows.

On November 15, 1990, a fire occurred at a business owned by Plaintiff Rodney Maher. Mr. Maher had a fire insurance policy with Defendant Continental Casualty Company ("Continental"). This policy covered three types of fire loss: damage to the structure, damage to the structure's contents, and loss of business income.

The parties resolved claims for structural damage and damage to the structure's contents, but did not resolve a claim for lost business income. Mr. Maher thereafter sued for breach of the insurance contract and for unfair settlement practices.

In a memorandum opinion and order entered February 24, 1994, the Court concluded Maher was entitled to coverage for provable lost business income, in accordance with terms of the insurance policy. In that opinion the Court also ordered a separate, succeeding trial of the action for unfair settlement practices to take place immediately following the resolution of the underlying coverage issues.

Prior to trial the parties attempted to negotiate a settlement. On January 14, 1994, Continental made a $12,000 offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. According to Continental this figure was based on the "entire maximum provable unresolved loss to the plaintiff, assuming liability, under the policy of insurance sued upon, as computed from plaintiff's books and records." Maher rejected this offer, demanding $250,000 shortly before trial and ultimately raising this demand to $350,000. Continental did not respond further.

At trial the issue for jurors was what amount should be awarded as lost business income. The jury also would have been called upon to decide whether Maher should receive damages for aggravation and inconvenience and net economic loss.

In opening statements the Plaintiff contended for $600,000 in lost business income, while the Defendant estimated lost income at approximately $10,000. Testimony by Maher and his accountant wholly failed to substantiate the $600,000 figure.[1] At the close of Plaintiff's case, Continental moved for judgment in favor of Maher for $5,117.98, pursuant to Rule 50(a) of the Federal Rules. Based on the evidence admitted, the Plaintiff conceded this amount to be the proven lost business income. Because there was no competent evidentiary support for lost business income in excess of $5,117.98, the Court **GRANTED** the Defendant's Rule 50(a) motion, **ORDERING** Continental to pay the Plaintiff this amount.

For reasons that follow, the Court also **DISMISSED** the damages claim for aggravation and inconvenience and net economic loss, and **DISMISSED** the action for unfair settlement practices.

■ The Supreme Court of Appeals of West Virginia has held that "[w]henever a policyholder substantially prevails in a property damage suit against its insurer, the

---

1. As reflected by the trial record, the Court excluded certain testimony because it was inadmissible hearsay. Other proffered testimony was excluded because it lacked expert foundation.

insurer is liable for: (1) the insured's reasonable attorneys' fees in vindicating its claim; [and] (2) the insured's damages for net economic loss caused by delay in settlement, and damages for aggravation and inconvenience." *Hayseeds, Inc. v. State Farm Fire & Cas.,* 177 W.Va. 323, 352 S.E.2d 73 syl. pt. 1 (1986); *Thomas v. State Farm Mut. Auto. Ins. Co.,* 181 W.Va. 604, 608, 383 S.E.2d 786, 788 (1989).

■ "[T]he question of whether the insured has substantially prevailed against his insurance company on a property damage claim is determined by the status of the negotiations between the insured and the insurer prior to the institution of the lawsuit." *Thomas v. State Farm Mut. Auto. Ins. Co.,* 181 W.Va. at 608, 383 S.E.2d at 790. To illustrate, the Court opined: "Where the insurance company has offered an amount materially below the damage estimates submitted by the insured, and the jury awards the insured an amount approximating the insured's damage estimates, the insured has substantially prevailed." *Id.* at 608–609, 383 S.E.2d at 790–791.

Before trial the Plaintiff demanded $350,000 from Continental. In opening statements the Plaintiff asserted lost business income of $600,000. The Court ultimately awarded lost business income of $5,117.98. Based on the rationale of *Thomas,* Mr. Maher did not substantially prevail. His contractual recovery was well below his own estimated damages, and was significantly below the $10,000 estimate provided by Continental Casualty's attorney in opening statement. The Court therefore **DISMISSES** the claim for net economic loss and aggravation and inconvenience, because on the evidence these elements are not recoverable.

■ The final issue concerns the claim for unfair settlement practices. Under West Virginia law, an "implied private cause of action [for unfair settlement practices] cannot be maintained until the underlying suit [for policy coverage] is resolved." *Robinson v. Continental Cas. Co.,* 185 W.Va. 244, 245, 406 S.E.2d 470, 471 (1991); *Jenkins v. J.C. Penney Cas. Ins. Co.,* 167 W.Va. 597, 280 S.E.2d 252 syl. pt. 1 (1981). The policy behind this rule was explained in *Jenkins:*

"To permit a direct action against the insurance company before the underlying claim is *ultimately resolved* may result in duplicitous litigation since the issue of liability and damages as they relate to the statutory settlement duty are still unresolved in the underlying claim. Once the underlying claim has been resolved, the issues of liability and damages have become settled and it is possible to view the statutory claim in light of the final result of the underlying action ... Moreover, it is not until the underlying suit is concluded that the extent of reasonable damages in the statutory action will be known." *Jenkins v. J.C. Penney Cas. Ins. Co.,* 167 W.Va. at 608–609, 280 S.E.2d at 259.

In limited circumstances an insured may recover punitive damages for unfair settlement practices:

"[P]unitive damages for failure to settle a property dispute shall not be awarded against an insurance company unless the policy holder can establish a high threshold of actual malice in the settlement process. By 'actual malice' we mean that the company actually knew that the policyholder's claim was proper, but willfully, maliciously and intentionally denied the claim. We intend this to be a bright line standard, highly susceptible to summary judgment for the defendant...." *Hayseeds, Inc. v. State Farm Fire & Cas.,* 177 W.Va. at 330–331, 352 S.E.2d at 80–81.

Based on *Jenkins* and *Hayseeds* the Court holds Plaintiff Is proof on the underlying claim provides no reasonable basis for the Plaintiff's action for unfair settlement practices. On January 14, 1994, Continental made a formal offer of judgment to settle all losses covered by Maher's policy for $12,000. This amount was more than twice the policy losses proven at trial. Under these circumstances the Court has no principled basis to conclude Continental violated its statutory settlement duty toward its insured or that it maliciously and intentionally denied Mr. Maher's claim. Because the jury cannot be permitted to speculate on issues unsupported by the evidence, the Court **DISMISSES** the claim for unfair settlement practices.

The Clerk is directed to send a copy of this Order to counsel of record.