519 S.E.2d 870

**Luann E. KLETTNER and Richard Klettner, Plaintiffs,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

**No. 25436.**

Supreme Court of Appeals of West Virginia.

Submitted March 23, 1999.

Decided July 8, 1999.

James G. Bordas, Jr., Esq., Scott S. Blass, Esq., James B. Stoneking, Esq., Bordas, Bordas & Jividen, Wheeling, West Virginia, Attorneys for Plaintiffs.

James A. Varner, Esq., Catherine D. Munster, Esq., Tiffany R. Durst, Esq., McNeer, Highland, McMunn & Varner, Clarksburg, West Virginia, Attorneys for Defendant.

WORKMAN, Justice:

This case arises on certified question from the United States District Court for the Northern District of West Virginia and presents the issue of whether the one-year statute of limitations for statutory bad faith causes of action[1] is tolled[2] by the appeal period applicable to the underlying action. An examination of our prior decisions in this area makes clear that the certified question must be answered in the affirmative.

## I. Factual and Procedural Background

The plaintiff in the underlying civil action, Luann E. Klettner, was in an automobile accident on August 2, 1992, in Wheeling, West Virginia. Mrs. Klettner and her husband brought suit against Greg Olzer, the alleged tortfeasor, in the Circuit Court of Ohio County in connection with the injuries Mrs. Klettner sustained from the accident.[3] State Farm Mutual Automobile Insurance Company ("State Farm") is the insurance carrier for Mr. Olzer. The case was tried and the jury returned a favorable verdict for the Klettners on January 31, 1996, by awarding them $188,931.75 in damages. The petition for appeal Mr. Olzer lodged with this Court was refused.[4]

On September 10, 1997, the Klettners filed a separate civil action against State Farm in

---

1. *See* W. Va.Code § 33–11–4(9) (1996); *see also* Syl. Pt. 2, *Jenkins v. J.C. Penney Cas. Ins. Co.*, 167 W.Va. 597, 280 S.E.2d 252 (1981), *overruled in part by State ex rel. State Farm Fire & Cas. Co. v. Madden*, 192 W.Va. 155, 451 S.E.2d 721 (1994) (recognizing private cause of action for statutory violations pertaining to unfair insurance settlement practices).

2. By tolled, we mean that the limitations period is temporarily suspended or stopped from running.

3. Mrs. Klettner suffers from permanent wrist injuries.

4. Mr. Olzer's petition for appeal was denied in November 1996.

the Circuit Court of Ohio County wherein they asserted, *inter alia*,[5] violations of the West Virginia Unfair Claims Settlement Practices Act, West Virginia Code §§ 33–11–1 to –10 (1996 & Supp.1999). That action was removed by State Farm to the United States District Court for the Northern District of West Virginia based on diversity of citizenship. Although the federal court initially dismissed the Klettners cause of action on statute of limitations grounds,[6] the district court subsequently granted the Klettners motion to reconsider on September 22, 1998, and reinstated their cause of action with the understanding that a certified question on the issue of statute of limitations would be submitted to this Court.

By order dated November 4, 1998, the federal district court certified the following question to this Court: "Whether the one-year statute of limitations for alleged unfair claim settlement practices under W. Va.Code § 33–11–4(9) is tolled until the appeals period has run and/or all appeals in the underlying tort litigation have been exhausted?" By order dated November 13, 1998, this Court accepted the question of law certified by the district court.

## II. Discussion

The only issue presented for our resolution is whether the appeal of the underlying cause of action, upon which the Klettners' unfair settlement practices claim is premised, had a tolling effect on the limitations period applicable to claims brought pursuant to West Virginia Code § 33–11–4(9). In syllabus point one of *Wilt v. State Automobile Mutual Insurance Co.*, 203 W.Va. 165, 506 S.E.2d 608 (1998), we determined that "[c]laims involving unfair settlement practices that arise under the Unfair Trade

Practices Act, West Virginia Code § 33–11–1 to –10 (1996 & Supp.1997), are governed by the one-year statute of limitations set forth in West Virginia Code § 55–2–12(c) (1994)." The Klettners assert that the applicable statute of limitations does not begin to run until the appeal period on the underlying action has passed. State Farm argues that the limitations period operates without reference to the appeal period.[7]

A private cause of action for what is now commonly referred to as a statutory bad faith claim was first recognized by this Court in *Jenkins v. J.C. Penney Cas. Ins. Co.*, 167 W.Va. 597, 280 S.E.2d 252 (1981), *overruled in part by State ex rel. State Farm Fire & Cas. Co. v. Madden*, 192 W.Va. 155, 451 S.E.2d 721 (1994). In syllabus point two of that case, we held that "[a]n implied private cause of action may exist for a violation by an insurance company of the unfair settlement practice provisions of W.Va.Code, 33–11–4(9); but such implied private cause of action cannot be maintained until the underlying suit is resolved." 167 W.Va. at 598, 280 S.E.2d at 253. State Farm maintains that the recent decision of this Court in *State ex rel. State Farm Fire & Cas. Co. v. Madden*, 192 W.Va. 155, 451 S.E.2d 721 (1994), has significantly altered the very nature of statutory bad faith claims and the underpinnings of our ruling in *Jenkins*. Based on this contention, State Farm now contends there is no rational basis for postponing the running of the one-year statute of limitations until the appeal period has passed.

While this Court has revisited *Jenkins* on more than one occasion in recent years and, in fact, recently modified one aspect of the holding in that case,[8] we have not abandoned

---

**5.** The Klettners also filed claims predicated on theories of common law bad faith (which have since been dismissed in light of this Court's decision in *Elmore v. State Farm Mutual Automobile Insurance Co.*, 202 W.Va. 430, 504 S.E.2d 893 (1998)) and the tort of outrage.

**6.** The dismissal order was entered on January 9, 1998.

**7.** If we were to adopt State Farm's position, then the one-year statute of limitations expired before the Klettners filed suit against State Farm on September 10, 1997. This result would be re-

quired by applying the date on which the trial court entered an order denying all requested post-trial relief. That date was May 16, 1996. Accordingly, the one year period would have passed on May 16, 1997, several months before the Klettners filed suit against State Farm.

**8.** *See* Syl. Pts. 2 and 3, *Madden*, 192 W.Va. at 156–57, 451 S.E.2d at 722–23 (overruling *Jenkins* on requirement that statutory bad faith actions could not be brought until underlying action finalized; permitting joinder of statutory claim with tort claim).

the fundamental precepts upon which our ruling in *Jenkins* was first premised. Nor have we changed our opinion that until the underlying lawsuit has been finally resolved, it is premature to begin discovery or to take any action on the statutory bad faith claim. To place the arguments raised in this case in their proper perspective requires a synoptic review of *Jenkins* and its progeny.

In *Jenkins* we set forth the following in explanation of our decision to delay the commencement of statutory bad faith actions until such time as the underlying tort action has been "ultimately resolved." 167 W.Va. at 608, 280 S.E.2d at 259. We explained:

> To permit a direct action against the insurance company before the underlying claim is ultimately resolved may result in duplicitous litigation since the issue of liability and damages as they relate to the statutory settlement duty are still unresolved in the underlying claim. Once the underlying claim has been resolved, the issues of liability and damages have become settled and it is possible to view the statutory claim in light of the final result of the underlying action. A further policy reason to delay the bringing of the statutory claim is that once the underlying claim is resolved, the claimant may be sufficiently satisfied with the result so that there will be no desire to pursue the statutory claim. Moreover, it is not until the underlying suit is concluded that the extent of reasonable damages in the statutory action will be known.

*Id.* at 608–09, 280 S.E.2d at 259 (footnote omitted).

■ In *Robinson v. Continental Casualty Co.*, 185 W.Va. 244, 406 S.E.2d 470 (1991), *overruled in part by State ex rel. State Farm*

*Fire & Cas. Co. v. Madden,* 192 W.Va. 155, 451 S.E.2d 721 (1994), we were presented with a certified question [9] that required further clarification of the terms "resolved" and "ultimately resolved" with regard to the requirements established in *Jenkins* for filing a statutory bad faith claim. We held in syllabus point two of *Robinson* that "[a]n action for bad faith failure to settle a claim under W. Va.Code, 33–11–1 [1974], et seq., and the commencement of formal discovery in that action, are premature when the appellate process has not yet been completed in the underlying action." 185 W.Va. at 244, 406 S.E.2d at 470. Explaining that ruling, we stated:

> The only thing left for us to resolve today is whether "ultimately resolved" means "resolved in a trial on the merits," or whether it means what it appears to mean, ultimately resolved—that is, resolved after any and all appeals. In this regard, we believe our reasoning in *Jenkins* applies equally well when the underlying suit is pending on appeal. *The liability and damages are not established until the appeal is decided.*

*Id.* at 245, 406 S.E.2d at 471 (emphasis supplied). Besides laying to rest the issue of whether the terms "resolve" and "ultimately resolve," as used in *Jenkins,* connote the running of the appeal period, we discussed the prudence of waiting until an appeal has concluded to proceed with a statutory bad faith claim in *Robinson:*

> Although bare reversal or affirmance of the underlying judgment is not necessarily dispositive of the bad faith issue, no one can know whether the insurance company should have settled until we decide whether the verdict below was proper. If we

9. The specific question certified in *Robinson* was: "Is an action for bad faith to settle a claim and the commencement of formal discovery therein premature when the appellate process has not yet been completed in the underlying action?" We think it is arguable that the very issue currently under consideration was previously resolved by our decision in *Robinson*. The Fourth Circuit in *Maher v. Continental Casualty Co.,* 76 F.3d 535 (4th Cir.1996), correctly applied our ruling in *Robinson* that "'ultimately resolved' means that any all appeals have been exhausted" to observe that the statutory bad faith claim at issue in that case could not proceed until the Fourth Circuit issued its mandate, and either the United States Supreme Court completed its review of the matter or the plaintiff decided not to file a petition for certiorari with the high court. 76 F.3d at 544 n. 16. Because our ruling in *Madden* appears to have called into question (at least in State Farm's mind) certain aspects of *Jenkins,* we respond to the question framed by the district court more for purposes of clarification than to establish a ruling on a novel issue of law.

reverse the trial court's judgment, that reversal would arguably strengthen the insurance company's position that it did not act in "bad faith." If we affirm, the insurance company and plaintiffs might reach a reasonable settlement, saving the already overloaded court system needless litigation.

185 W.Va. at 246, 406 S.E.2d at 472.

Through our ruling in *Robinson*, we should have left no question that the running of the appeal period was an integral component of how this Court intended the pivotal terms "resolve[d]" and "ultimately resolve[d]" from this Court's decision in *Jenkins* to be applied. State Farm suggests that *Robinson* cannot be cited as an apposite case for purposes of addressing the statute of limitations issue currently under consideration. In making this argument, State Farm completely misapprehends and takes out of context a sentence in the *Robinson* opinion which reads "it is clear that a statute of limitations question is not now an issue of significance to us." 185 W.Va. at 246, 406 S.E.2d at 472. All the Court was indicating with that comment was the fact that no limitations problem was presented by the facts of that case due to the ongoing appeal of the underlying case. Thus, State Farm's suggestion that our *Robinson* decision bears no precedential value with regard to the present case based on the inclusion of that one comment is clearly misguided.

■ Following *Robinson*, we were asked to determine yet another issue concerning application of the term "resolve" within the context of the *Jenkins* holding. In *Poling v. Motorists Mutual Insurance Co.*, 192 W.Va. 46, 450 S.E.2d 635 (1994), we were presented with several certified questions from the Northern District concerning the effect of a settlement on the issue of a statutory bad faith claim. We held in syllabus point one in that case that "[a] settlement of an underlying claim in a bad faith practices case against an insurance carrier is an ultimate resolution of a cause of action within the meaning of *Jenkins v. J.C. Penney Cas. Ins. Co.*, 167 W.Va. 597, 280 S.E.2d 252 (1981)."

■ The final case of significance to our discussion is this Court's decision in *State ex rel. State Farm Fire & Casualty Co. v. Madden*, 192 W.Va. 155, 451 S.E.2d 721 (1994). Applying principles of joinder, we modified our holding in *Jenkins* to permit the discretionary joinder of a statutory bad faith claim with the underlying claim. We held in syllabus points two and three of *Madden* that

Under rule 18(b), WVRCP [1978], as long as the claims against the insurer are bifurcated from those against the insured, and any discovery or proceedings against the insurer are stayed pending resolution of the underlying claim between the plaintiff and the insured, there is no undue prejudicial impact on a jury of joining in an original pleading or amending a pleading to assert bad faith or unfair insurance practices counts against an insurer in an original action against insured.

To the extent *Jenkins v. J.C. Penney Cas. Ins. Co.*, 167 W.Va. 597, 280 S.E.2d 252 (1981), *Davis v. Robertson*, 175 W.Va. 364, 332 S.E.2d 819 (1985), *Robinson v. Continental Cas. Co.*, 185 W.Va. 244, 406 S.E.2d 470 (1991), or *Russell v. Amerisure Ins. Co.*, 189 W.Va. 594, 433 S.E.2d 532 (1993) imply that an action against an insurer for bad-faith and unfair settlement practices cannot be joined in the same complaint as the underlying personal injury suit against the insured, they are overruled.

192 W.Va. at 156–57, 451 S.E.2d at 722–23.

State Farm argues that because of this Court's decision to permit simultaneous filing of tort and statutory bad faith claims in *Madden*, there is no longer any basis for including the appeal period as part of the time period relevant to a statute of limitations analysis for bad faith claims. We disagree. We never gave any indication in *Madden* that *Jenkins* was being overruled or modified as to anything other than the procedural requirement that a statutory bad faith claim could not be *filed* before the underlying claim had been resolved. We offered two reasons for our decision to modify *Jenkins*. First, we acknowledged the role that the concern for unnecessary reference to insurance coverage had in *Jenkins*: "The rationale behind ... *Jenkins* ... was to continue

the long-standing policy of avoiding unnecessary mention of insurance coverage at trial because of the possibly prejudicial impact on the jury." *Madden,* 192 W.Va. at 158–59, 451 S.E.2d at 724–25; *see Jenkins,* 167 W.Va. at 608 n. 11, 280 S.E.2d at 259 n. 11 (stating "[e]ven though it would be procedurally possible to combine the statutory cause of action with the underlying tort claim, we decline to permit this procedure in light of our traditional rule that forecloses reference to liability insurance in personal injury and related actions because of its possible prejudicial impact on the jury"). Upon reconsideration of this judicially-created impediment to joinder, we altered our position, stating:

> Today, however, we conclude that merely allowing the joinder of the insurer with the insured would not necessarily inject insurance issues into all such cases. As long as the claims against the insurer are bifurcated from those against the insured, and any discovery or proceedings against the insurer are stayed pending resolution of the underlying claim between the plaintiff and the insured, there should be no undue prejudicial impact on a jury of joining in an original pleading or amending a pleading to assert bad faith or unfair insurance practices counts against an insurer in an original action against an insured.

192 W.Va. at 159, 451 S.E.2d at 725. The second basis for our procedural modification was a cost-motivated concern. We explained that, "[b]y permitting joinder so long as the actions against the insurer are bifurcated from those against the insured in the underlying suit, we are cutting the costs of litigation, particularly as filing fees become a more and more oppressive burden on ordinary working people." *Id.*

State Farm's contention that this Court's ruling in *Madden* completely alters the foundation of a statutory bad faith claim in simply untenable. The critical prerequisite which permits a statutory bad faith claim

to go forward is the resolution of the underlying claim. We have never retreated from our original stance that resolution of the issue of damages and liability is a necessary prerequisite to proceeding with a statutory bad faith claim.[10] Since an appeal to this Court from the underlying tort action could result in an altered determination on these pivotal issues, until the appeal has been ruled upon there is no final resolution concerning liability and damages. *Robinson,* 185 W.Va. at 245, 406 S.E.2d at 471. Moreover, our decision in *Madden* to permit a statutory bad faith action to be joined in the same proceeding as the underlying tort action made clear that, when such claims were joined, bifurcation of the two actions is required to prevent the jury from being wrongfully influenced by the availability of insurance coverage. 192 W.Va. at 160–61, 451 S.E.2d at 726–27. Thus, rather than eviscerating the principles first announced in *Jenkins, Madden* actually reinforced the joint precepts of requiring an ultimate resolution of the underlying tort proceeding and avoiding the needless allusion to insurance coverage that have always been intrinsic to the institution of a third-party statutory bad faith cause of action.[11]

After exhaustively reviewing the law in this area, we conclude that the one-year statute of limitations which applies to claims of unfair settlement practices brought pursuant to West Virginia Code § 33–11–4(9) does not begin to run until the appeal period has expired on the underlying cause of action upon which the statutory claim is predicated. Having answered the certified question, this case is dismissed from the docket of this Court.

Certified question answered; case dismissed.

---

**10.** *See infra* note 11.

**11.** In *Light v. Allstate Insurance Co.,* 203 W.Va. 27, 506 S.E.2d 64 (1998), we recently discussed the "clear distinction between a first-party and a third-party bad faith claim." *Id.* at 34, 506 S.E.2d at 71. Given the fact that an insurer is the named defendant in the bad faith claim as well as underlying tort action in a first-party action, we stated that the insurance mentioning concern that has historically been part of the basis for delaying third-party bad faith claims until the underlying claim is resolved does not come into play in a first-party claim. Because the instant case is a third-party claim, our discussion in *Light* concerning this distinction is of no relevance to the decision in this case.