UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

THOMAS H. MCCORKLE,
             *Plaintiff-Appellant,*

v.

DPIC COMPANIES, INCORPORATED, A
foreign corporation authorized to do
business in the State of West
Virginia; MAURICE ABRAHAMS, A
nonresident of the State of West
Virginia,

             *Defendants-Appellees.*

No. 99-1229

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Elizabeth V. Hallanan, Senior District Judge.
(CA-98-585-2)

Argued: October 30, 2000

Decided: July 3, 2001

Before NIEMEYER and LUTTIG, Circuit Judges, and
Alexander WILLIAMS, Jr., United States District Judge
for the District of Maryland, sitting by designation.

Reversed in part and remanded by unpublished opinion. Judge Williams wrote the opinion, in which Judge Luttig joined. Judge Niemeyer wrote an opinion concurring in the judgment.

## COUNSEL

**ARGUED:** Christopher D. Dean, FERGUSON & DEAN, P.L.L.C., Wayne, West Virginia, for Appellant. Stuart Andrew McMillan,

BOWLES, RICE, MCDAVID, GRAFF & LOVE, P.L.L.C., Charleston, West Virginia, for Appellees. **ON BRIEF:** Gerard R. Stowers, BOWLES, RICE, MCDAVID, GRAFF & LOVE, P.L.L.C., Charleston, West Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

WILLIAMS, District Judge:

Thomas A. McCorkle ("McCorkle"), filed this civil action on July 2, 1998, against DPIC Companies, Inc. ("DPIC") and one of its adjusters, Maurice Abrahams ("Abrahams") in the United States Court for the Southern District of West Virginia, at Charleston. The complaint alleged statutory violations of W.Va. Code § 33-11-4(9), in Counts I through VIII, and a common law bad faith claim in Count IX. The Appellees filed a Motion to Dismiss the Appellant's Complaint pursuant to Rule 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. On October 29, 1998, the district court entered an order holding that the release executed by the Appellant did not release the Appellees and therefore did not act as a complete defense to the Appellant's action. Because the scope of the release was unclear, the court asked the parties to submit additional briefs on the issue of the release. On December 22, 1998, the district court entered an order ruling that Appellant's complaint was time barred.* For the reasons that follow, we reverse the district court's decision dismissing Appellant's claim based on the running of the statute of limitations. As for the

---

*The record is unclear as to how the district court treated the dispositive motions. The October 29, 1998 order characterized the motions as a motion to dismiss that had been interpreted as a motion for summary judgment. (Joint Appendix 183.) After additional briefings were filed, the December 22, 1998 order by the district court characterized the motions as motions to dismiss. (J.A. 200.)

scope of the release and the sufficiency of the pleadings, we remand the case back to the district court for a determination on those issues.

I

McCorkle entered into a fee splitting arrangement with James M. Pierson and the now defunct law firm of Hunt, Lees, Ferrel & Kessler. The contract called for the parties to split the legal fees from the settlement or verdict of a medical malpractice claim. Under the agreement, McCorkle was entitled to 25% of the legal fees. At some point, the claim was settled without McCorkle's knowledge. In November 1996, McCorkle wrote Pierson, Hunt and Lees on eight occasions demanding his share of the legal fees. In December 1996, he contacted Pierson two additional times. Pierson is insured by DPIC against McCorkle's claims. McCorkle alleges that, through his demand letters and a proposed complaint sent to Pierson, DPIC was put on notice of his claim against Pierson and that the supporting documentation established Pierson's liability. According to McCorkle, DPIC failed to respond to his demands for settlement until April 1997, four months after his initial demand. McCorkle claims that, instead of promptly settling his contract claim against Pierson, DPIC financially supported a frivolous lawsuit against him for defamation brought by Shellie Nue, an employee of Pierson. Further, McCorkle alleges that DPIC financed a declaratory judgment action filed by Pierson on the contract claim where Pierson and Nue lied under oath. On July 3, 1997, McCorkle signed a release settling his contract dispute with Pierson. McCorkle alleges that DPIC forced him to settle for an inequitable amount ($33,500) by supporting the frivolous litigation and refusing to disclose the settlement amount of the malpractice action. DPIC disputes the majority of McCorkle's allegations. DPIC acknowledges the existence of the contractual dispute and the settlement in July 1997.

II

The district court based it decision to dismiss Appellant's complaint on the analysis found in *Stemple v. Dobson*, 400 S.E.2d 561 (W. Va. 1990). In *Stemple*, the Supreme Court of Appeals of West Virginia determined that, "where a cause of action is based on tort . . . the statute of limitations does not begin to run until the injured person

knows, or by the exercise of due diligence should know of the nature of his injury." *Id*. at 321. Under this rationale, the district court surmised that the statute of limitations on the Appellant's complaint would begin to run at some point between December 1996 and April 1997 when Appellant was fully cognizant of the nature of his alleged injuries. However, the complaint in the above captioned case was not filed until July 2, 1998, over one year from the court determined commencement date.

Subsequent to the district court's ruling, the Supreme Court of Appeals of West Virginia decided *Klettner v. State Farm*, 519 S.E.2d 870 (W. Va. 1999). The facts of the *Klettner* case are similar to the instant case. Plaintiff Klettner filed suit against State Farm alleging violations of the West Virginia Unfair Claims Settlement Practices Act, West Virginia Code §§ 33-11-1 to -10 (1996 & Supp. 1999). The allegations stemmed from the underlying suit in which Plaintiffs filed a complaint against the tortfeasors in an automobile action which were insured by State Farm. The same statute of limitations question present in this case was presented to the West Virginia court. Is the one-year statute of limitations for statutory bad faith causes of action tolled by the appeal period applicable to the underlying action? The Supreme Court of Appeals of West Virginia opined that the applicable statute of limitations does not begin to run until the appeal period on the underlying action has passed. *Id.* at 876. The court reasoned that in its previous decisions on the issue, the court had determined that the statute of limitations does not begin to toll until the case was "ultimately resolved." *Id.* at 874. The court defined "ultimately resolved" to mean resolved after any and all appeals.

Both Appellant and Appellees stipulate that the *Klettner* case controls the above captioned action and that the district court improperly dismissed the case due to the running of the statute of limitations. The statute of limitations in the case began to run on July 3, 1997 when McCorkle executed a mutual release in the underlying action. This constitutes an ultimate resolution. The complaint in the instant case was filed on July 2, 1998, one day prior to the expiration of the one-year statute of limitations. Therefore, because the complaint was timely filed, the judgment of the district court is reversed.

### III

Appellees DPIC contend that, although the district court erred in dismissing the instant case based on statute of limitations grounds, the district court's order may be affirmed on other grounds. DPIC argues that (1) McCorkle's action was included in his release of the insured; (2) McCorkle has failed to state a claim for statutory relief under the Unfair Claims Settlement Practices Act (UCSPA), W.Va. Code § 33-11-4(9); and (3) West Virginia does not recognize common law third party bad faith claims. While both parties have made arguments to this Court on the three additional reasons to affirm the district court's ruling, we find the record below is inadequate and too scant to enable this Court to resolve these alternative issues. The district court is in a better position to decide the scope of the release between McCorkle and Pierson, and the sufficiency of the pleadings. Therefore, this matter is remanded to the district court for a determination of the scope of the release and the sufficiency of the pleadings.

### IV

In conclusion, we reverse the district court's dismissal of the Appellant's claim based on the running of the statute of limitations. As for the scope of the release and the sufficiency of the pleadings, we remand the case back to the district court for a determination consistent with this opinion.

*REVERSED IN PART AND REMANDED*

NIEMEYER, Circuit Judge, concurring in the judgment:

I concur in the judgment only to reverse the ruling based on application of the applicable statute of limitations and to remand for further proceedings.