584 S.E.2d 512

STATE of West Virginia ex rel. Charles
CANTERBURY, Petitioner

v.

Paul BLAKE, Prosecuting Attorney
of Fayette County, Respondent.

No. 31150.

Supreme Court of Appeals of
West Virginia.

Submitted April 9, 2003.
Decided June 23, 2003.

Thomas W. Smith, Charleston, for Petitioner.

Paul Blake, Prosecuting Attorney, Brian D. Parsons, Assistant Prosecuting Attorney, Fayetteville, for Respondent.

PER CURIAM:

The petitioner, Charles Canterbury, seeks a writ of prohibition to preclude the Prosecuting Attorney of Fayette County from proceeding against him or the Circuit Court of Fayette County from holding a trial on the reindictment which was returned by the grand jury on January 16, 2003. Because W.Va.Code § 61–3–51 (1981) has fallen into desuetude in Fayette County, we issue the writ.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

The petitioner is a resident of Fayette County who, during the relevant time period, operated a pawnshop in Mt. Hope, West Virginia. He had been in business for approximately ten years when he closed the shop during the summer of 2001. On September 12, 2001, the Fayette County Grand Jury returned an indictment against the petitioner in Case Number 01–F–0085. The indictment consisted of twenty-four counts, involving eight transactions, of violations of W.Va.Code § 61–3–51 (1981).

W.Va.Code § 61–3–51 (1981) reads as follows:

(a) Each person, firm or corporation in the business of purchasing precious metals or precious gems, or both, for any purpose other than personal, family or household use, shall be subject to the provisions of this section. Each such purchaser shall secure from the seller of the precious metal or precious gem sufficient proof of lawful ownership or a sworn affidavit of ownership, the original of which shall be retained by the purchaser.

(b) Each such purchaser of a precious metal or precious gem shall truly and accurately list each purchase in a permanent record book clearly showing the kind, character and amount of metal or gem purchased, any special or unique quality or item of description concerning the metal or gem purchased, the date of purchase, the full name and residence address and mailing address of the seller, and any telephone number of the seller. Such record book shall be open to inspection by any law-enforcement officer in this State during normal business hours of the purchaser. If any such purchase is made within a municipality, the purchaser shall report all the information required by this section in writing to the chief of the police department of the municipality within twenty-four hours of the purchase. If any such purchase is made outside of a municipality, the purchaser shall report all the information required by this section in writing to the sheriff of the county wherein the purchase was made within twenty-four hours of the purchase. The information required by this section shall be preserved for a period of not less than three years.

(c) Each such purchaser of a precious metal or precious gem shall not, for a period of ten calendar days after the purchase, dispose of such metal or gem, remove such metal or gem from the state or alter in any way the form or substance of such metal or gem.

(d) As used in this section, "precious metal" means any gold, silver, platinum or other valuable metal; and "precious gem" means any diamond, pearl, emerald, ruby, sapphire or similar precious stone.

(e) Any person, firm or corporation violating any provision of this section shall be guilty of a felony, and, upon conviction thereof, shall be confined in the penitentiary not less than one nor more than two years, or, in the discretion of the court, be confined in jail not more than one year or shall be fined not less than one hundred dollars nor more than five thousand dollars, or both fined and so confined in either the penitentiary or jail, all in the discretion of the court.

After hearing various pre-trial motions including a motion to dismiss based upon the doctrine of desuetude and whether the statute encompasses pawned items, the circuit court questioned the appropriateness of the motion. At that time, defense counsel orally amended the motion to one to certify to this Court the issue regarding whether the word "purchase" in the statute includes pawns. The judge agreed that in the interest of judicial economy the proper procedure to

follow would be to certify the following question to this Court: "Do the provisions of West Virginia Code Chapter 61, Article 3, Section 51 apply to pawn brokers and transactions where items of personal property are pawned?" By letter opinion, the circuit judge answered the question in the negative and subsequently certified the question to this Court. The petitioner filed a petition for review of certified question in this Court, which was refused on June 6, 2002. The petitioner believes this Court implicitly affirmed the circuit court's answer by refusing to review the issue.

The State later acknowledged that only three counts of the indictment, which related to one transaction involving a purchase, retained their vitality. The petitioner then filed an additional motion to dismiss based on lack of specificity per this Court's instruction in *State ex rel. Day v. Silver,* 210 W.Va. 175, 556 S.E.2d 820 (2001). The item(s) involved in the transaction were not identified in the charges. After hearing further arguments from the parties, the circuit court dismissed twenty-one counts of the indictment, finding that the alleged acts did not violate the provisions of W.Va.Code § 61–3–51; in other words, the items relating to these seven transactions were pawns rather than purchases. The remaining three counts were dismissed for failure to set forth with specificity the particular item(s) which were the subject of the charges. Following an oral statement by the assistant prosecutor that a new indictment would be sought, by letter dated October 23, 2002, petitioner's counsel asked the State to reconsider and requested that property seized at the time petitioner was arrested be returned to him. On October 29, 2002, the State responded that the case would again be presented to the grand jury in January 2003 and that the items seized as evidence would not be returned.

The petitioner filed a petition for a writ of prohibition on December 27, 2002, requesting that this Court prohibit the prosecuting attorney of Fayette County from revisiting the grand jury for the purpose of seeking a reindictment against him. On February 25, 2003, this Court issued a rule to show cause against the prosecuting attorney returnable on April 9, 2003. In the interim, the petitioner supplemented his petition by stating that he had indeed been reindicted. The January 16, 2003 reindictment contains two felony counts for violations of W.Va Code § 61–3–51(a) and W.Va.Code § 61–3–51(b). The petitioner requests that the prosecuting attorney be prohibited from proceeding against him or that the circuit court be prohibited from proceeding to trial in Case Number 03–F–0005. Because the petitioner has already been reindicted, we issue a writ prohibiting the circuit court from proceeding to trial on the reindictment.

## II.

## DISCUSSION

▮▮▮ This Court provided guidance as to when a writ of prohibition should issue in Syllabus Points 3 and 4 of *State ex rel. Hoover v. Berger,* 199 W.Va. 12, 483 S.E.2d 12 (1996). Syllabus Point 3 states that " '[p]rohibition lies only to restrain inferior courts from proceeding in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers, and may not be used as a substitute for [a petition for appeal] or certiorari.' Syl. Pt. 1, *Crawford v. Taylor,* 138 W.Va. 207, 75 S.E.2d 370 (1953)." Moreover, Syllabus Point 4 provides:

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for

determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

■ The petitioner contends, in this original action of prohibition, that W.Va.Code § 61–3–51 (1981) has fallen into desuetude due to nonuse and lack of enforcement. Desuetude is defined as "1. Lack of use; obsolescence through disuse. 2. The doctrine holding that if a statute or treaty is left unenforced long enough, the courts will no longer regard it as having any legal effect even though it has not been repealed." Black's Law Dictionary 458 (7th ed.1999). Stated more clearly, "[t]he doctrine of desuetude, the concept that a statute may be void because of its lack of use, is founded on the constitutional concept of fairness embodied in federal and state constitutional due process and equal protection clauses." *State v. Linares*, 32 Conn.App. 656, 662 n. 11, 630 A.2d 1340, 1346 n. 11 (1993), *overruled on other grounds by State v. Linares*, 232 Conn. 345, 655 A.2d 737 (1995). In other words, "[t]he problem [of applying, or refusing to apply, the rubric of desuetude] must be approached in terms of that fundamental fairness owed to the particular defendant that is the heart of due process." *United States v. Elliott*, 266 F.Supp. 318, 326 (1967).

■ The seminal case in West Virginia regarding desuetude is *Comm. on Legal Ethics v. Printz*, 187 W.Va. 182, 416 S.E.2d 720 (1992). In Syllabus Point 3 of *Printz*, this Court held that:

Penal statutes may become void under the doctrine of desuetude if:

(1) The statute proscribes only acts that are *malum prohibitum* and not *malum in se;*

(2) There has been open, notorious and pervasive violation of the statute for a long period; and

(3) There has been a conspicuous policy of nonenforcement of the statute.

We believe all three elements are satisfied in this case.

■ First, we must distinguish between crimes that are *malum prohibitum* and crimes that are *malum in se.*[1] "Crimes that are *malum in se* will not lose their criminal character through desuetude, but crimes that are *malum prohibitum* may." *Printz*, 187 W.Va. at 188, 416 S.E.2d at 726. In the case at bar, the circuit court held a hearing to discuss various pre-trial motions on October 12, 2001. During the hearing, the assistant prosecutor argued that the defense wrongly assumed that a violation of W.Va.Code § 61–3–51 is *malum prohibitum.* The assistant prosecutor based this argument on the premise that "stealing, being as though it is one of the Ten Commandments, is *malum in se.*" The court reminded the attorney that the petitioner was not charged with stealing. The defense attorney then argued that "[t]his kind of statute is clearly *malum prohibitum.* The whole distinction between *malum in se* and *malum prohibitum* makes it clear. This is not anything that came up through the common law or something that is inherently wrong." The court made its ruling by stating, "I don't think there's any question that it's a regulatory statute[.]" We need not belabor this point. We agree with the circuit court.

■ "Second, there must be an open, notorious, and pervasive violation of the statute for a long period before desuetude will take hold." *Printz*, 187 W.Va. at 188, 416 S.E.2d at 726. In the case before us, the defense argued that the statute had been violated "for the entire period of time the statute has been in place[.]" The assistant prosecutor did not contest this contention, but rather argued that the statute was not old enough to fall into desuetude. Finally, there is no doubt that a conspicuous policy of nonenforcement exists in Fayette County. At the October 12, 2001 hearing, the Sheriff of Fayette County, William R. Laird, IV,

---

1. A crime that is *malum in se* is "[a] crime or an act that is inherently immoral, such as murder, arson, or rape[,]" Black's Law Dictionary 971 (7th ed.1999), while a crime that is *malum prohi-* *bitum* is "[a]n act that is a crime merely because it is prohibited by statute, although the act itself is not necessarily immoral." *Id.*

testified that he believes W.Va.Code § 61–3–51 has never been enforced in the county since its inception in 1981. He testified that he "looked through the records that are available to me in the Fayette County Sheriff's Department, and found no such records." Richard Kemp, an investigator, "did a survey of businesses in Fayette County which pawn or purchase gems or precious metals, to see if they have been following the provisions of 61–3–51[.]" The State stipulated Mr. Kemp would report that no business in Fayette County was making such report.

Based upon the factors contained in Syllabus Point 3 of *Printz*, the petitioner argues that W.Va.Code § 61–3–51 has fallen into desuetude and, consequently, he cannot be reindicted and tried for failure to conform to the requirements of the statute. The State responds that prohibition is not proper in this case because the petitioner has failed to satisfy any of the *Hoover* factors. The State essentially argues that an argument based upon the ancient common law doctrine of desuetude "is not indicative of a case for clear, erroneous error being established[.]" We disagree. The *Printz* Court clearly stated that "a law prohibiting some act that has not given rise to a real prosecution in 20 years is unfair to the one person selectively prosecuted under it." *Printz*, 187 W.Va. at 186, 416 S.E.2d at 724.

### III.

### CONCLUSION

Because W.Va.Code § 61–3–51 (1981) has fallen into desuetude, the petitioner cannot be made to stand trial for violating the statute. The reindictment fails and must be dismissed. As the petitioner has no other adequate means under which he may obtain relief, the Circuit Court of Fayette County is hereby prohibited from proceeding to trial in Case Number 03–F–0005.

Writ granted.