371 S.E.2d 358

**Lewis Scott RODGERS**

v.

**CORPORATION OF HARPERS FERRY, etc., et al.**

**No. cc973.**

Supreme Court of Appeals of West Virginia.

July 18, 1988.

Gilbert L. Hall, Charles Town, for Lewis Scott Rodgers.

Walter M. Jones, III, James M. Matzureff, Susan R. Snowden, Martin & Seibert, Martinsburg, for Corp. of Harpers Ferry.

BROTHERTON, Justice:

This case is before the Court on the following certified question from the Circuit Court of Jefferson County:

Does the one-year statute of limitations—West Virginia Code § 55–2–12(c)—or the two-year statute of limitations—West Virginia Code § 55–2–12(b)—apply to Section 1983 actions arising out of events occurring in the State of West Virginia?

For the reasons set out below, we affirm the circuit court's ruling that the two-year statute of limitations contained in W.Va. Code § 55–2–12(b) (1981) applies to actions filed pursuant to 42 U.S.C. § 1983.

Lewis Scott Rodgers, the plaintiff, was arrested by police officers from the Corporations of Harpers Ferry and Bolivar, Jefferson County, West Virginia, on August 8, 1983. The plaintiff was charged with driving under the influence of alcohol, assault, battery, and obstruction of an officer.[1] On August 6, 1985, the plaintiff filed suit against the defendants, the Corporation of Harpers Ferry and others, pursuant to 42 U.S.C. § 1983.[2] The plaintiff alleged that violations of his civil and constitutional rights resulted from his arrest on August 8, 1983, and charged the defendants with the use of excessive force, assault and battery, malicious prosecution, false arrest, false imprisonment, abuse of process, defamation, and gross negligence.[3] The defendants moved to dismiss the action, arguing that the statute of limitations applicable to civil rights actions in the State of West Virginia is the one-year statute of limitations contained in W.Va.Code § 55–2–12(c) (1981). The plaintiff argued that the two-year statute of limitations provided in W.Va.Code § 55–2–12(b) (1981) was applicable to his claim. Relying on the United States Supreme Court's decision in *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Circuit Court of Jefferson County denied the defendants' motion to dismiss and ruled that the two-year statute of limitations set forth in W.Va.Code § 55–2–12(b) (1981) governed the plaintiff's § 1983 claim.

■ The Reconstruction Civil Rights Acts do not contain a specific statute of limitations governing § 1983 actions. *Wilson v. Garcia*, 471 U.S. 261, 266, 105 S.Ct. 1938, 1941–42, 85 L.Ed.2d 254 (1985) (footnote omitted). Congress enacted a companion statute, 42 U.S.C. § 1988 (1982),[4] to guide federal courts to the appropriate statute of limitations to apply in a federal civil rights action. Courts have interpreted § 1988 as providing "a three-step process" for determining the statute of limitations applicable to civil rights claims. *Burnett v. Grattan*, 468 U.S. 42, 47–48, 104 S.Ct. 2924, 2928, 82 L.Ed.2d 36, 43 (1984). Courts are first to look to federal law in determining the statutes of limitations applicable to civil and criminal civil rights statutes. Where no appropriate federal

---

**1.** All criminal charges made against Rodgers on August 8, 1983, were eventually dropped.

**2.** Title 42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress. For the purposes of this section, an Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

**3.** Rodgers later filed for a voluntary dismissal of the defamation, abuse of process, false arrest, false imprisonment, and malicious prosecution claims.

**4.** Title 42 U.S.C. § 1988 provides, in part:

The jurisdiction ... conferred on the district courts by the [civil and criminal Civil Rights Titles] for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the Constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause....

law exists, state "common law, as modified and changed by the Constitution and statutes," is applied. However, state law is applied only when federal law provides no statute of limitations and only if the state law is not "inconsistent with the Constitution and laws of the United States." *Id.*

After the enactment of § 1988, confusion resulted from what courts perceived to be a directive to apply the state statute of limitations governing cases "most analogous" to the cause of action asserted by the plaintiffs when federal law was not available.[5] Courts were uncertain about whether claims should be characterized according to federal or state law and whether a particular characterization should depend upon the specific facts at issue in each case. *Banks v. Chesapeake and Potomac Telephone Company,* 802 F.2d 1416, 1419 (D.C.Cir. 1986). In *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Supreme Court attempted to simplify the selection of the appropriate state statute of limitations in § 1983 actions.

In *Wilson,* as in the case at bar, the respondent alleged various civil rights violations stemming from an allegedly unlawful arrest. *Id.* at 263, 105 S.Ct. at 1940. The respondent filed his claim two years and nine months after the events giving rise to the claim purportedly occurred. The petitioners filed a motion to dismiss on grounds that the claim was barred by a two-year statute of limitations in the New Mexico Tort Claims Act.[6]

Though the district court held a residual four-year statute applicable to § 1983 actions brought in New Mexico, the United States Court of Appeals for the Tenth Circuit applied New Mexico's three-year personal injury statute.[7] The Tenth Circuit commented on the perpetual conflict in the courts over the interpretation of § 1983 claims:

> [T]he courts vary widely in the methods by which they characterize a section 1983 action, and in the criteria by which they evaluate the applicability of a particular state statute of limitations to a particular claim. The actual process used to select an appropriate state statute varies from circuit to circuit and sometimes from panel to panel.

731 F.2d 640, 643 (10th Cir.1984).[8]

Persuaded by the Tenth Circuit's reasoning in *Wilson,* the Supreme Court affirmed its decision. The Court held that for statute of limitations purposes the characterization of a § 1983 claim under § 1988 is governed by federal rather than state law. *Wilson,* 471 U.S. at 268, 269, 105 S.Ct. at 1942–43, 1943. Because it could be argued that multiple statutes of limitations apply to the various claims that comprise a typical § 1983 action,[9] the court found § 1988

---

5. *See Wilson v. Garcia,* 471 U.S. 261, 268, 105 S.Ct. 1938, 1943, 85 L.Ed.2d 254, 261 (1985); *Board of Regents v. Tomanio,* 446 U.S. 478, 488, 100 S.Ct. 1790, 1797, 64 L.Ed.2d 440, 449–450 (1980); *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295, 302–303 (1975).

6. In support of their motion petitioners relied upon *DeVargas v. New Mexico,* 97 N.M. 563, 642 P.2d 166 (1982), in which the New Mexico Supreme Court held that the New Mexico Tort Claims Act provides "the most closely analogous state cause of action" to § 1983 and that its two-year statute of limitations applied to § 1983 actions filed in state courts. *DeVargas,* 642 P.2d at 167. The district court decided that *DeVargas* was not controlling because "the characterization of the nature of the right being vindicated under § 1983 is a matter of federal, rather than state, law." *Wilson,* 471 U.S. at 263, 264, 105 S.Ct. at 1940, 1940.

7. *See Garcia v. Wilson,* 731 F.2d 640 (10th Cir. 1984). The Tenth Circuit agreed with the district court that *DeVargas* was not controlling because the characterization of a § 1983 claim is a matter of federal law. The Tenth Circuit found that "every § 1983 claim is in essence an action for injury to personal rights" and stated that "[h]enceforth, all § 1983 claims in [the] Circuit will be uniformly so characterized for statute of limitations purposes." *Garcia,* 731 F.2d at 651.

8. For a comprehensive survey of the various ways the federal courts have characterized § 1983 claims see *Note, Retroactive Application of Wilson v. Garcia: Continued Confusion to a Troubled Topic,* 44 Wash. & Lee L.Rev. 135, 135 n. 4 (1987).

9. As an example of a situation in which a court applied multiple statutes of limitations in one case, the *Wilson* court cited *Polite v. Diehl,* 507 F.2d 119 (3rd Cir.1974). *See Wilson,* 471 U.S. at 274, n. 33, 105 S.Ct. at 1946 n. 33. In that case the plaintiff filed a civil rights claim against

to be "fairly construed as a directive to select, in each State, the one most appropriate statute of limitations for all § 1983 claims." *Id.* 471 U.S. at 275, 105 S.Ct. at 1947.[10] The court concluded that even though constitutional claims alleged under § 1983 encompass numerous and diverse topics, a claim brought under § 1983 is best characterized as a tort action for the recovery of damages for personal injuries. *Id.* at 278–79, 105 S.Ct. at 1948–49.[11]

▆▆▆ Turning to the case at bar, West Virginia Code § 55-2-12 (1981) provides that:

Every personal action for which no limitation is otherwise prescribed shall be brought: (a) within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued, if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it

could not have been brought at common law or against his personal representative.

The defendants argue that the one-year statute of limitations in W.Va.Code § 55-2-12(c) applies to intentional tort actions such as defamation, false arrest, false imprisonment, malicious prosecution and other personal tort actions and that the plaintiff's § 1983 action should therefore be subject to the one-year statute of limitations. We do not find this argument persuasive. The primary statute of limitations for personal injuries in West Virginia is the two-year statute of limitations in W.Va.Code § 55-2-12(b). The one-year statute of limitations in W.Va.Code § 55-2-12(c) applies to civil actions which do not survive the death of a party. Consequently, personal tort actions such as libel, defamation, intentional infliction of emotional distress, false arrest, false imprisonment, and malicious prosecution take the one-year statute of limitations because they are excluded from statutory survivability under W.Va.Code § 55-7-8a(a) (1981),[12] and not because of a statu-

police officers alleging false arrest, assault and battery, illegal seizure of an automobile, and coercion of a guilty plea. The court applied a one-year false arrest statute of limitations to the arrest claim, a two-year personal injuries statute to the assault and battery and coerced plea claims, and a six-year statute for actions seeking the recovery of goods to the towing claim. 507 F.2d at 121–124.

10. The *Wilson* court discussed the simplicity of § 1988's directive, which it interpreted as being consistent with Congressional intent that the selection of the appropriate statute of limitations be an "uncomplicated task for judges, lawyers, and litigants, rather than a source of uncertainty, and unproductive and ever-increasing litigation." *Wilson,* 471 U.S. at 275, 105 S.Ct. at 1946.

11. The *Wilson* court examined the reasons behind the enactment of § 1983 before deciding to apply personal injury statute of limitations to § 1983 claims. Enacted as part of the Civil Rights Act of 1871, also known as the Ku Klux Klan Act, section 1983 was the legislative response to rampant violence and lawlessness that permeated the South at that point in history, denying citizens their civil and political rights. *Wilson,* 471 U.S. at 276, 105 S.Ct. at 1947. The *Wilson* court observed that "[t]he atrocities that concerned Congress in 1871 plainly sounded in tort" and concluded that "[a]mong the potential analogies, Congress unquestionably would have

considered the remedies established in the Civil Rights Act to be more analogous to tort claims for personal injury than, for example, to claims for damages to property or breach of contract." *Id.* at 277, 105 S.Ct. at 1947.

12. West Virginia Code §§ 55-2-12 and 55-7-8a(a) (1981) are to be read in pari materia. W.Va.Code § 55-7-8a(a) provides that:

(a) In addition to the causes of action which survive at common law, causes of action for injuries to property, real or personal, or injuries to the person and not resulting in death, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled to recover or the death of the person liable. *See Christman v. American Cyanamid Co.,* 578 F.Supp. 63 (N.D.W.Va.1983) (actions for invasion of privacy and intentional infliction of emotional distress are personal and one-year statute of limitations applies); *Duffy v. Ogden Newspapers, Inc.,* 170 W.Va. 318, 294 S.E.2d 121 (1982) (libel action governed by one-year period for action that could not have been brought by or against personal representative, even though plaintiff sought damages for personal injuries); *Cavendish v. Moffitt,* 163 W.Va. 38, 253 S.E.2d 558 (1979) (one-year statute of limitations applies to libel because libel is form of defamation); *Snodgrass v. Sisson's Mobile Home Sales, Inc.,* 161 W.Va. 588, 244 S.E.2d 321 (1978)

tory distinction between intentional and unintentional torts.[13]

With its decision in *Wilson v. Garcia,* the United States Supreme Court directed courts to characterize all § 1983 claims as personal injury actions for purposes of selecting the one most appropriate statute of limitations for all § 1983 claims.[14] Consistent with that mandate from our nation's highest court, we hold that all claims filed in West Virginia pursuant to 42 U.S.C. § 1983 are personal injury actions governed by the two-year statute of limitations set forth in W.Va.Code § 55–2–12(b) (1981).[15] We affirm the ruling of the circuit court on the question certified, and remand the case for proceedings consistent with this opinion.

Certified question answered; case remanded for disposition.

(personal tort actions such as defamation, false arrest and imprisonment and malicious prosecution take one-year statute of limitations).

13. Following the *Wilson* decision, courts split as to whether general tort statutes of limitations or intentional tort statutes of limitations should apply to § 1983 actions. In an analysis of post-*Wilson* decisions in *Banks v. Chesapeake and Potomac Telephone Company,* 802 F.2d 1416 (D.C.Cir.1986), Senior Circuit Judge Skelly Wright found the distinction between statutes of limitations for intentional and unintentional torts unpersuasive. Wright noted that the Supreme Court in *Wilson* "easily could have specified that the 'one most appropriate statute of limitations' is that statute which is applicable to intentional torts. The Court conspicuously failed to do so. Instead it concluded that § 1983 claims are best characterized as 'personal injury actions' ..." *Banks,* 802 F.2d at 1429 (quoting *Hobson v. Brennan,* 625 F.Supp. 459, 468 (D.C.C.1985)).

14. The *Wilson* court concluded that "[t]he federal interests in uniformity, certainty, and the minimization of unnecessary litigation" supported the selection of "the one most appropriate statute of limitations for all § 1983 claims." *Wilson,* 471 U.S. at 275, 105 S.Ct. at 1947.

15. We also find support for this opinion in two pre-*Wilson* West Virginia decisions. In *McCausland v. Mason Co. Bd. of Education,* 649 F.2d 278 (4th Cir.), *cert. denied,* 454 U.S. 1098, 102 S.Ct. 671, 70 L.Ed.2d 639 (1981), the United States Court of Appeals for the Fourth Circuit applied the two-year statute of limitations for personal injuries to a federal civil rights action brought in West Virginia under the Reconstruction Civil Rights Act. In *Roberts v. Rowe,* 89 F.R.D. 398 (S.D.W.Va.1981) the United States District Court for the Southern District of West Virginia held that a § 1983 action for use of excessive force by a police officer survived the death of the plaintiff and was therefore subject to the two-year statute of limitations.