Ronald G. ROBERTS, Plaintiff,

v.

WOOD COUNTY COMMISSION, et al., Defendants.

Civ. A. No. 6:91–1077.

United States District Court, S.D. West Virginia, Parkersburg Division.

Jan. 30, 1992.

**46**

Elizabeth A. Pyles, Pyles & Auvil, Parkersburg, W.Va., for plaintiff.

Richard A. Hayhurst, Patricia A. Morrison, Parkersburg, W.Va., for defendants.

### MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Defendants' motion to dismiss the complaint, filed pursuant to Rules 12(b)(1) and 12(b)(6), Federal Rules of Civil Procedure. Since this action is time-barred and precluded by the doctrines of *res judicata* and collateral estoppel, the Court GRANTS the Defendants' motion and ORDERS this action dismissed and stricken from the docket of the Court.

The Plaintiff, Ronald G. Roberts, was discharged from his position as a Deputy Sheriff of Wood County by the Wood County Sheriff on August 18, 1987. Roberts' dismissal was based on grounds of alleged sexual harassment of several women over a five-year period. He appealed his termination of employment to the Wood County Civil Service Commission and after full evidentiary hearings, the Commission upheld the Sheriff's dismissal of the Plaintiff. The Commission entered its final order on March 25, 1988. Plaintiff then appealed the Commission's decision to the Circuit Court of Wood County and by order entered July 29, 1988, the Circuit Court reversed the Commission's decision. Roberts was ordered reinstated and awarded back pay.

The Sheriff and the Wood County Deputy Sheriffs Civil Service Commission then appealed the Circuit Court's decision to the Supreme Court of Appeals of West Virginia. By its published decision of *Roberts v. Greiner*, 182 W.Va. 137, 386 S.E.2d 504 (1989), the Supreme Court of Appeals of West Virginia reversed the decision of the Circuit Court and reinstated the final order of the Commission entered March 25, 1988. The Plaintiff then filed this action, pursuant to 42 U.S.C. § 1983 on October 24, 1991.

■ Accepting the allegations set forth in the Plaintiff's complaint as true, the complaint fails to state a claim upon which relief may be granted. The relevant dates include the Plaintiff's termination on August 18, 1987; the Civil Service Commission hearings were held in October of 1987 and February of 1988; and the Commission's final order upholding the termination of the Plaintiff is dated March 25, 1988.

■ State statutes of limitations and tolling provisions apply to any actions commenced pursuant to 42 U.S.C. § 1983. *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). In West Virginia, the statute of limitations for a § 1983 civil rights action is two years. *Rogers v. Corp. of Harpers Ferry*, 179 W.Va. 637, 371 S.E.2d 358 (1988). The latest action which Plaintiff alleges any Defendant took was on March 25, 1988, when the final order of the Commission was entered. Pursuant to the Plaintiff's allegations as set forth in the complaint, the statute of limitations would expire on March 25, 1990. Obviously Plaintiff's filing of this action on October 24, 1991, is outside of the statute of limitations. Plaintiff did not toll the statute of limitations by pursuing his action in state court. *Board of Regents v. Tomanio, supra.*

■ This action is further barred by the doctrines of *res judicata* and collateral estoppel. Plaintiff has already litigated the

issue of his alleged wrongful termination through the Wood County Deputy Sheriffs Civil Service Commission, the Wood County Circuit Court and on appeal to the Supreme Court of Appeals of West Virginia. *Roberts v. Greiner, supra.* Plaintiff is precluded from raising the same issues he raised in state court since he had the opportunity to fully litigate those issues and the state court has decided those issues adverse to him. *Migra v. Warren City School District Bd. of Ed.*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); and *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). As to the issues raised in this action which Plaintiff failed to raise in state court, Plaintiff clearly could have raised them in the initial state court litigation. He simply has had the opportunity to raise any and all arguments underlying his claim for wrongful termination through the state court proceedings. He is barred from raising these issues in this Court. *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981).

Accordingly, the Court GRANTS the Defendants' motion to dismiss the complaint and ORDERS that this action is dismissed and stricken from the docket of this Court.