# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Regina Griffith Olmstead, as**
**Administratrix of the Estate of**
**Ronald Lawrence Olmstead,**
**Plaintiff Below, Petitioner**

**FILED**

**June 8, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 17-0833** (Raleigh County 13-C-826)

**Jose Jorge Gordinho,**
**d/b/a Responsible Pain and**
**Aesthetic Management, PLLC,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Regina Griffith Olmstead, as Administratrix of the Estate of Ronald Lawrence Olmstead, by counsel David Kirkpatrick, appeals the August 17, 2017, order of the Circuit Court of Raleigh County denying her motion to vacate the circuit court's October 12, 2016, order granting summary judgment to Respondent Jose Jorge Gordinho d/b/a Responsible Pain and Aesthetic Management, PLLC. Respondent, by counsel David P. Cook Jr., filed his response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 30, 2011, Lt. Jason McDaniel of the Beckley Police Department filed a criminal complaint against Ronald Lawrence Olmstead ("the decedent") based on information allegedly supplied by respondent. As a result, the decedent was arrested on January 9, 2012, for unlawfully withholding information from a practitioner in order to obtain additional controlled substances in violation of West Virginia Code § 60A-4-410.[1]

---

[1] According to Lt. McDaniel's deposition transcript, Dr. Gordinho's office contacted the Beckley Police Department because it appeared that the decedent obtained prescriptions for pain medications from a doctor in Ohio and then came to Dr. Gordinho's office to obtain additional medications without disclosing the fact that he had obtained the same or similar medications from the Ohio doctor. The criminal complaint charged the decedent with unlawfully attempting to obtain a prescription for a controlled substance in violation of West Virginia Code § 60A-4-410. It also appears from that testimony that the charges were dismissed against the decedent (continued…)

1

On October 25, 2013, the decedent filed a complaint in the Circuit Court of Raleigh County alleging that respondent violated West Virginia Code § 61-5-27a(c) by fraudulently causing Lt. McDaniel to file a criminal complaint against the decedent. In the civil complaint, the decedent requested past and future medical expenses and damages for permanent impairment, pain and suffering, annoyance and inconvenience, emotional distress, embarrassment and humiliation, and loss of enjoyment of life, in addition to other consequential and punitive damages. During discovery, the decedent stated that as a result of his arrest he "suffered some minor bruising and pain in his back and shoulders from being physically arrested . . ." and that he endured "severe anxiety, embarrassment, and emotional trauma[;]" however, he denied seeking medical treatment for any alleged injuries sustained as a result of the incident. He also admitted that he did not suffer any permanent injury as a result of the incident. In those responses, he further stated that the only damage claim was his emotional distress claim.

During a January 21, 2015, hearing, the circuit court learned that the decedent had passed away, so it directed the decedent's attorney to file a suggestion of death and to substitute petitioner as the party in interest. Petitioner complied with that directive. Respondent submitted a motion for summary judgment, which was granted by the circuit court by order entered October 12, 2016. In that order, the circuit court found that given the nature of the cause of action, the claims did not survive the death of the decedent and the cause of action was not assignable under common law. The circuit court stated that petitioner's complaint is for a personal tort for abuse of process/malicious prosecution and that such action does not survive the death of the decedent and is not assignable. It also noted that there was no evidence in the "factual record in the form of verified discovery responses, deposition testimony, or documentary evidence, supporting that the decedent suffered a personal injury as a result of the alleged incident." Pointing to *Rodgers v. Corporation of Harpers Ferry*, 179 W. Va. 637, 371 S.E.2d 358 (1988), the circuit court found that this Court had held that personal tort actions, such as emotional distress claims, do not survive the death of an individual. Noting petitioner's objections and exceptions, the circuit court then dismissed the action with prejudice.

On November 10, 2016, petitioner filed a motion for relief from judgment, pursuant to Rule 60 of the West Virginia Rules of Civil Procedure. In that motion, petitioner stated that her motion should be granted because there was a fact witness who could testify to the arrest of the decedent and the discovery of medical records, including an MRI taken sixteen days after the decedent's arrest in January of 2012. By order entered on August 17, 2017, the circuit court denied that motion. According to that order, the affidavit of the newly discovered witness was signed just nine days after the hearing on the motion for summary judgment and the medical records were requested just two days after that hearing. Therefore, the circuit court concluded that "[b]ased on this timeline . . . the 'newly discovered evidence' was in fact available and discoverable with minimum effort long before the hearing on the motion for summary

---

following a six-month abeyance period. The decedent did not plead guilty to "doctor shopping" and law enforcement did not believe that he was selling the pills.

judgment." Petitioner appeals from that order.[2]

This Court has previously recognized that "[a]n appeal of the denial of the Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order." Syl. Pt. 3, *Toler v. Shelton*, 157 W. Va. 778, 204 S.E.2d 85 (1974). Further, we have stated:

> 4. In reviewing an order denying a motion under Rule 60(b), W.Va.R.C.P., the function of the appellate court is limited to deciding whether the trial court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not shown in a timely manner.
>
> 5. A motion to vacate a judgment made pursuant to Rule 60(b), W.Va. R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion.

Syl. Pts. 4 and 5, *Toler* at 778, 204 S.E.2d at 86.

On appeal, petitioner sets forth three assignments of error. We address petitioner's first and second assignments of error together due to the overlap and similarities of those arguments. First, petitioner argues that the circuit court's finding that petitioner's action did not survive the decedent's death ignores the submission of documentary evidence submitted in petitioner's response to respondent's motion for summary judgment. She next contends that the circuit court inappropriately ignored evidence of the decedent's physical injury as an additional ground of survivability for her claims.[3]

West Virginia Code § 55-7-8a(a) provides that

---

[2] In their joint appendix submitted to this Court, the parties failed to comply with the West Virginia Rules of Appellate Procedure. Rule 7(b) provides, in part, "Each page of an appendix must be clearly numbered in a sequential fashion so as to permit each page to be located by reference to a single page number. . . ." In addition, Rule 10(c)(7) provides, in part,

> [t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

The appendix does not include page numbers, and the briefs lack specific citations to the record on appeal.

[3] Petitioner's second assignment of error also addresses two additional documents, which were presented to the circuit court in support of petitioner's motion for relief from judgment.

> [i]n addition to the causes of action which survive at common law, causes of action for injuries to property, real or personal, or injuries to the person and not resulting in death, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled to recover or the death of the person liable.

In the instant matter, the decedent admitted in discovery that he did not suffer any permanent injury as a result of this incident and that his only damage claim was for emotional distress. In its order granting respondent's motion for summary judgment, the circuit court relied upon *Snodgrass v. Sisson's Mobile Home Sales, Inc.*, 161 W. Va. 588, 594, 244 S.E.2d 321, 325 (1978), wherein we stated that

> [b]y isolating causes of action for fraud and deceit and combining them with personal actions which will survive under W.Va. Code, 55-7-8a(a), it is apparent that the Legislature intended to exclude from statutory survivability under subsection (a) other personal tort actions such as defamation, false arrest and imprisonment, and malicious prosecution. These latter personal actions, lacking statutory survivability and possessing no common law survivability, take a one-year statute of limitations under W.Va. Code, 55-2-12(c).

The circuit court concluded that petitioner's cause of action set forth in the complaint "is a personal tort for abuse of process/malicious prosecution. That cause of action does not survive the death of the decedent and is not assignable." Petitioner does not argue to this Court that the circuit court abused its discretion in denying petitioner's motion to vacate its judgment on these grounds. Petitioner simply points this Court to exhibits presented to the circuit court in response to respondent's motion for summary judgment, asserting that the circuit court did not properly consider those exhibits and an officer's testimony regarding those exhibits. For these reasons, we find that petitioner has failed to show that the circuit court abused its discretion by denying petitioner's motion for relief from judgment on these grounds.

Petitioner's final assignment of error is her contention that the circuit court erred by finding that the affidavit of the eyewitness was available to petitioner at the time of the hearing on respondent's motion for summary judgment. The affidavit at issue was signed by Aaron Mann, the neighbor of petitioner and the decedent at the time of the decedent's arrest. Petitioner argued below that Mr. Mann's affidavit constituted newly discovered evidence. However, the circuit court found that the information in the affidavit, which was signed just nine days after the hearing on respondent's motion for summary judgment, was readily available to petitioner at the time of the decedent's arrest.

Rule 60(b)(2) of the West Virginia Rules of Civil Procedure provides that "the court may relieve a party . . . from a final judgment, order, or proceeding [based upon] newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) . . . ." As this Court previously recognized,

4

[t]he great weight of authority is that failure to file documents in an original motion does not convert the late filed documents into "newly discovered evidence." *See Brotherhood of Railway, Airline & S.S. Clerks, Freight Handlers, Express & Station Employees v. St. Louis Sw. Ry.,* 676 F.2d 132, 140 (5th Cir.1982); *School Dist. No. 1J, Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993); *Richardson v. National Rifle Association,* 879 F.Supp. 1, 2 (D.D.C.1995); *Timothy A. Garverick & Associates v. Heidtman Steel,* 807 F.Supp. 430, 434 (E.D.Mich.1992). In the instant matter, the evidence is clear that the contents of Mr. Bell's affidavit was known prior to the summary judgment motion. In other words, the "[p]laintiff . . . was at liberty to raise this [matter] in a properly filed response to the motion for summary judgment, which [it] did not do." *Hood v. Hood,* 59 F.3d 40, 43 (6th Cir.1995).

*Powderidge Unit Owners Ass'n v. Highland Properties, Ltd.*, 196 W. Va. 692, 706, 474 S.E.2d 872, 886 (1996).

The affidavit contains only four substantive statements, all of which relate to the events of January 9, 2012, including that Mr. Mann witnessed the decedent's arrest and that the decedent asked Mr. Mann to call petitioner to have her "bail him out." Nothing in Mr. Mann's affidavit, petitioner's motion below, or petitioner's brief before this Court supports petitioner's contention that this affidavit was newly discovered evidence. The language of the affidavit evidences the fact that not only was all of the information contained therein known to Mr. Mann on January 9, 2012, but that petitioner knew prior to the hearing on respondent's motion for summary judgment that Mr. Mann had witnessed the arrest. Despite her knowledge of this fact in 2012, petitioner failed to obtain this affidavit until April of 2016, more than four years after the arrest and subsequent to the hearing on respondent's motion for summary judgment. Further, that affidavit was completed more than one year after petitioner informed the circuit court that the decedent had passed away. Under the circumstances of this case, we find that the circuit court did not abuse its discretion by concluding that Mr. Mann's affidavit did not constitute newly discovered evidence.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 8, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker