**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 25-1596**

─────────────

ASHLEY ANNA COOPER,

       Plaintiff - Appellant,

     v.

CITY OF WHEELING, OFFICER CODY MCCORMICK, OFFICER BEN YOUNG,

       Defendants - Appellees.

─────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:24-cv-00230-JPB)

─────────────

Argued:  December 11, 2025                             Decided:  March 3, 2026

─────────────

Before WILKINSON, AGEE, and THACKER, Circuit Judges.

─────────────

Affirmed in part, reversed in part, and remanded by published opinion. Judge Thacker wrote the opinion in which Judge Wilkinson and Judge Agee joined.

─────────────

**ARGUED:** Paul Zachary Stewart, CAREY & STEWART, PLLC, Weirton, West Virginia, for Appellant.  Thomas E. Buck, BAILEY & WYANT PLLC, Wheeling, West Virginia, for Appellees.  **ON BRIEF:** Benjamin P. Visnic, BAILEY & WYANT PLLC, Wheeling, West Virginia, for Appellees.

─────────────

THACKER, Circuit Judge:

Ashley Anna Cooper ("Appellant") appeals the United States District Court for the Northern District of West Virginia's dismissal of her malicious prosecution claim brought pursuant to 42 U.S.C. § 1983 against the City of Wheeling and the officers involved in obtaining her arrest warrant. In dismissing her claim, the district court applied West Virginia's one year statute of limitations, found in West Virginia Code § 55-2-12(c), and held that her claim, which accrued 23 months prior to suit being filed, was time barred.

On appeal, Appellant contends that the two year statute of limitations found in West Virginia Code § 55-2-12(b) should have been applied, and that, under that statute, her suit was timely filed. We agree.

However, because Appellant additionally brings a claim against the City of Wheeling, a municipality, without alleging anything approximating a municipal policy or custom as required by *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978), we affirm dismissal as to the City of Wheeling.

Therefore, we affirm in part, reverse in part, and remand for further proceedings.

I.

On December 17, 2021, officers from the Wheeling Police Department began investigating a battery complaint and later obtained an arrest warrant for the named perpetrator, Ashley Cooper. Nearly a year later, on November 13, 2022, when responding to an unrelated domestic violence incident at Appellant's residence, officers from the City of McMechen arrested Appellant -- whose name is Ashley Cooper -- pursuant to the active warrant relative to the December 2021 battery complaint.

2

However, on January 23, 2023, at the initial hearing related to Appellant's arrest, the Assistant Prosecuting Attorney dismissed the charge against Appellant after determining that the actual perpetrator was Ashley *Marie* Cooper, not Appellant, Ashley *Anna* Cooper.

As a result of that series of unfortunate events, on December 16, 2024, Appellant sued the City of Wheeling and the officers involved in obtaining a warrant for her arrest ("Appellees").  Her complaint brought a single § 1983 claim, alleging that the officers arrested her without probable cause in violation of the Fourth Amendment.

In response, Appellees filed a "Motion to Dismiss, Or, In The Alternative, For a More Definite Statement" ("Motion").  Appellees' Motion made four arguments relevant to this appeal.  First, Appellees argued that a more definite statement was needed as it was unclear whether the claim was one of wrongful arrest, malicious prosecution, or both.  Next, Appellees argued that if the claim was for wrongful arrest, the one year statute of limitations had passed.  Appellees further argued that Appellant did not plausibly allege a claim against the City of Wheeling because cities cannot be held liable pursuant to § 1983 on the basis of respondeat superior.  Finally, Appellees contended that if the claim was for malicious prosecution, Appellant failed to allege sufficient facts to support such a claim.  Of note, at that time, Appellees agreed with Appellant that the statute of limitations for a malicious prosecution claim in West Virginia is two years.  *See* J.A. 34–35 ("[Appellees]

3

agree with [Appellant] that her malicious prosecution claim, unlike a wrongful arrest claim, is not time-barred.").[1]

The district court granted Appellees' Motion on April 23, 2025. In its Order, the court first determined that Appellant's complaint alleged a malicious prosecution claim, brought pursuant to § 1983. The court then held that West Virginia's one year statute of limitations found in West Virginia Code § 55-2-12(c) applied to Appellant's § 1983 malicious prosecution claim.[2] And because Appellant filed suit on December 16, 2024, 23 months after her claim accrued on January 23, 2023, the court dismissed Appellant's claim as untimely.

This appeal followed.

## II.

"The proper construction and application of a statute of limitations is a question of law we review de novo." *Fed. Energy Regul. Comm'n v. Powhatan Energy Fund, LLC*, 949 F.3d 891, 897 (4th Cir. 2020).

We review a district court's grant of a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure de novo. *Barnett v. Inova Health Care Servs.*, 125 F.4th 465, 469 (4th Cir. 2025) (citing *Barbour v. Garland*, 105 F.4th 579, 589 (4th Cir. 2024). In conducting such a review, we accept the complaint's factual allegations as true

---

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

[2] The district court did so sua sponte given that, as noted, the parties agreed the statute of limitations for a malicious prosecution claim is two years.

and construe the facts in the light most favorable to the plaintiff. *Barbour*, 105 F.4th at 589 (citing *Feminist Majority Found. v. Hurley*, 911 F.3d 674, 685 (4th Cir. 2018)). To survive a motion to dismiss, a complaint must be pled with sufficient facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III.

On appeal, Appellant asserts the district court applied the wrong statute of limitations. That is, instead of applying the one year statute of limitations found in West Virginia Code § 55-2-12(c), she argues that the district court should have applied the two year statute of limitations found in Section 55-2-12(b). We agree.

When concluding that Section 55-2-12(c) applied, the district court exclusively cited decisions from the Northern and Southern Districts of West Virginia. That was error. As explained below, binding precedent from the United States Supreme Court and our Circuit, as well as interpretations from the Supreme Court of Appeals of West Virginia, require courts to apply Section 55-2-12(c) to § 1983 claims.

## A.

There is no specific statute of limitations governing 42 U.S.C. § 1983 claims. For most of the twentieth century, the Supreme Court instructed courts to apply the state statute of limitations "most analogous," and "most appropriate," to the particular § 1983 claim, so long as the chosen limitations period was consistent with federal law and policy. *Bd. of Regents v. Tomanio*, 446 U.S. 478, 488 (1980); *see also Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 462 (1975). However, that approach resulted in confusion and

5

inconsistent results in the lower courts. Accordingly, in 1985, the Supreme Court provided the lower courts new instructions: "§ 1983 claims are best characterized as personal injury actions," and therefore, a state's personal injury statute of limitations should be applied to all § 1983 claims. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985).

While *Wilson* made clear that § 1983 claims are governed by the forum state's personal injury statute of limitations, confusion lingered in those states that had multiple statutes of limitations for personal injury actions. So, the Court addressed that issue and clarified, "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 249–50 (1989). But, the Court made clear that "[c]ourts should resort to residual statutes of limitations only where state law provides multiple statutes of limitations for personal injury actions and the residual one embraces, either explicitly or by judicial construction, unspecified personal injury actions." *Id*. at 250 n.12. In other words, when determining the statute of limitations for a § 1983 claim, federal courts must uniformly apply the state's residual or general personal injury statute, not any tort-specific limitations period. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) (holding that the statute of limitations in § 1983 cases "is that which the State provides for personal-injury torts.").

Our court has embraced this Supreme Court holding time and again: "Section 1983 does not contain a statute of limitations. Thus, to determine the timely filing of a § 1983 claim, courts borrow the statute of limitations from the most analogous state-law cause of action. [] For § 1983 suits, that cause of action is a *personal injury* suit." *Owens v.*

6

*Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014), (citing *Okure*, 488 U.S. at 249–50) (emphasis supplied); *see also Battle v. Ledford*, 912 F.3d 708, 713 (4th Cir. 2019) ("[t]he Supreme Court has directed that we apply a state's 'statute of limitations governing general *personal injury* actions' when considering § 1983 claims." (emphasis supplied)) (citation omitted)).

Thus, both the Supreme Court's and our own precedent require federal courts to apply the forum state's general personal injury statute of limitations for § 1983 claims. Here, West Virginia is the forum state, and West Virginia's personal injury statute of limitations, found in West Virginia Code § 55-2-12, contains three subsections:

> Every personal action for which no limitation is otherwise prescribed shall be brought:
>
> > (a) [w]ithin two years next after the right to bring the same shall have accrued, if it be for damage to property;
> >
> > (b) within *two years* next after the right to bring the same shall have accrued if it be for damages for *personal injuries*; and
> >
> > (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

W. Va. Code § 55-2-12 (emphases supplied).

Consistent with the statute's plain text and settled precedent, both our Circuit and the Supreme Court of Appeals of West Virginia have held that § 1983 claims filed in West Virginia are subject to the two year statute of limitations period set forth in West Virginia Code § 55-2-12(b). *Smith v. Travelpiece*, 31 F.4th 878, 883 (4th Cir. 2022) ("As the

7

[Section 1983] claim here arose in West Virginia, West Virginia's two-year statute of limitations for personal injury actions applies." (citing W. Va. Code § 55-2-12(b)); *Patton v. Cnty. of Berkeley*, 242 W. Va. 315, 317 n. 3 (2019) (providing that § 1983 claims arising in West Virginia are governed by the two-year statute of limitations pursuant to W. Va. Code § 55-2-12(b)).

B.

Despite this clear guidance, the federal district courts in West Virginia do not uniformly apply the two year statute of limitations in subsection (b) to § 1983 claims. Sometimes they do.[3] But other times, as in this case, they continue to apply the one year statute of limitations found in subsection (c).[4] The district courts that have applied a one

---

[3] *Denmark v. Starcher*, 2014 WL 7272789, at *3 (N.D.W. Va. Dec. 18, 2014) (Keeley, J.) (applying the two year statute of limitations set forth in West Virginia Code § 55-2-12(b) to § 1983 actions) (citations omitted); *Gaylord v. City of Beckley*, 2018 WL 3581093, at *3 (S.D.W. Va. July 25, 2018) (Berger, J.) (citations omitted); *Morales v. Robinson*, 2007 WL 1074836, at *4 (S.D.W. Va. Apr. 6, 2007) (Copenhaver, J.); *Frederick v. West Virginia Dep't of Health and Human Services*, 2019 WL 1172258, at *32 (S.D.W. Va. Mar. 13, 2019) (Johnston, J.) (citation omitted); *Greene v. Putnam County Commission*, 2022 WL 16857014, at *4 (S.D.W. Va. Nov. 10, 2022) (Chambers, J.) (citation omitted); *Tilley v. Pierson*, 2025 WL 3207816, at *4 (S.D.W. Va. Nov. 17, 2025) (Goodwin, J.) (citations omitted).

[4] *Hamlet v. West Virginia*, 2009 WL 261450, at *3 (S.D.W. Va. Feb. 3, 2009) (Faber, J.) (applying West Virginia Code § 55-2-12(c)'s one year statute of limitations to § 1983 actions); *Azeez v. Keller*, 2012 WL 13098039, at *7 (S.D.W. Va. Apr. 6, 2012) (Berger, J.); *Coss v. Blatt*, 2019 WL 357979, at *3 (S.D.W. Va. Jan. 29, 2019) (Copenhaver, J.) (citation omitted); *Hammit v. Stump*, 2019 WL 4696349, at *7 (S.D.W. Va. Sept. 25, 2019) (Berger, J.); *Miller v. Ashton*, 2019 WL 5342529, at *6 (N.D.W. Va. Oct. 21, 2019) (Stamp, J.); *Young v. Lacy*, 2020 WL 4251798, at *4 (S.D.W. Va. July 24, 2020) (Faber, J.); *Spence v. Swartz*, 2022 WL 14814120 (N.D.W. Va. Oct. 25, 2022) (Groh, J.); *Gravely v. Hinchman*, 2025 WL 2058777, at *1 (S.D.W. Va. July 23, 2025) (Chambers, J.).

8

year statute of limitations to § 1983 malicious prosecution claims did so because West Virginia Supreme Court cases such as *Wilt v. State Automobile Mutual Insurance Co.*, 203 W. Va. 165 (1998); *McCammon v. Oldaker*, 205 W. Va. 24 (1999); and *Herbert J. Thomas Memorial Hospital Association v. Nutter*, 238 W. Va. 375 (2016), utilized a one year statute of limitations for *state* malicious prosecutions claims. In doing so, those courts construed the state malicious prosecution one year limitations period as the "most analogous cause of action" for § 1983 malicious prosecution claims.

At first blush, this line of reasoning may have some intuitive appeal. But, it cannot be squared with binding precedent that has explicitly held that the "most analogous cause of action" for § 1983 claims are general *personal injury* actions, not state tort-specific causes of action. *Okure*, 488 U.S. at 240–42; *Wilson*, 471 U.S. at 280; *Wallace*, 549 U.S. at 387; *Baltimore City State's Atty's Office*, 767 F.3d at 388; *Travelpiece*, 31 F.4th at 883.

C.

During oral argument, Appellees posited -- for the first time -- that *Wilt* supports the application of the one year limitations period pursuant to West Virginia Code § 55-2-12(c) because a West Virginia malicious prosecution claim does not survive the death of a party. *Wilt*, 203 W. Va. at 170 ("Determining which torts fall into subdivision (c) of West Virginia Code § 55-2-12 requires reference to the survivability provisions set forth in West Virginia Code § 55-7-8a . . . [c]onsequently, personal tort actions such as libel, defamation, false arrest, false imprisonment, and *malicious prosecution* take the one-year statute provided by West Virginia Code § 55-2-12(c) because they are excluded from statutory survivability under West Virginia Code § 55-7-8a.") (emphasis supplied); *see* W. Va. Code § 55-2-12(c)

9

("Every personal action for which no limitation is otherwise prescribed shall be brought . . . within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, *in case a party die*, it could not have been brought at common law by or against his personal representative.") (emphasis supplied).

Appellees' reliance on *Wilt* is misplaced.  In *Wilt*, the West Virginia Supreme Court addressed a certified question from the United States District Court for the Northern District of West Virginia concerning which statute of limitations applies to claims brought pursuant to the West Virginia Unfair Trade Practices Act.  *Wilt*, 203 W. Va. at 165–66.  Here, by contrast, Appellant has brought a federal § 1983 claim for her malicious prosecution -- *not a state claim*.

Beyond that, Appellees overlook all of the federal law discussed above, as well as the West Virginia Supreme Court's recognition that subsection (b)'s two year statute of limitations applies to § 1983 claims.  *Patton v. Cnty. of Berkeley*, 242 W. Va. 315, 317 n. 3 (2019) ("civil rights claims filed in state court pursuant to 42 U.S.C.A. § 1983 are personal injury actions governed by state two-year statute of limitations, rather than one-year statute of limitations."); *Rodgers v. Corp. of Harpers Ferry*, 179 W. Va. 637, 641 (1988) ("[W]e hold that all claims filed in West Virginia pursuant to 42 U.S.C. § 1983 are personal injury actions governed by the two-year statute of limitations set forth in W. Va. Code § 55-2-12(b) (1981)."), *abrogated in part on other grounds by Courtney v. Courtney*, 190 W. Va. 126 (1993).  And, in any event, applying different statutes of limitations for different § 1983 claims filed in the same forum state, depending on their survivability or underlying tort, would defy the Supreme Court's holding that we are to treat all § 1983

10

claims the same and uniformly apply the residual or general personal injury statute to each claim.

Accordingly, we make clear today -- to the extent it was not already clear -- that the applicable statute of limitations period for § 1983 claims arising in West Virginia is two years pursuant to Section 55-2-12(b), regardless of the survivability of a claim in state law, because the Supreme Court has held that *all* § 1983 claims are to be governed by the state's general or residual personal injury limitations period when a state provides multiple statutes of limitations for personal injury actions. *Okure*, 488 U.S. at 249–50.

The district court below applied the one year statute of limitations set forth in West Virginia Code § 55-2-12(c) and held that Appellants claim was time barred. That was error.

Appellant's claim is governed by the two year statute of limitations set forth in West Virginia Code § 55-2-12(b). Appellant's claim accrued on January 23, 2023, when her criminal case was dismissed. *See McDonough v. Smith*, 588 U.S. 109, 116 (2019) (holding that a malicious prosecution claim accrues "once the underlying criminal proceedings have resolved in the plaintiff's favor."); *Thompson v. Clark*, 596 U.S. 36, 39 (2022) (finding that a state's voluntary dismissal is "a favorable termination of the underlying criminal proceeding."); *Baltimore City State's Atty's Office*, 767 F.3d at 390 (explaining that a malicious prosecution claim accrues "on the date that proceedings against [a defendant are] favorably terminated").[5] And Appellant's civil complaint was filed on December 16, 2024.

---

[5] The parties do not dispute that Appellant's claim accrued in January 2023.

Thus, Appellant filed suit one month prior to her statute of limitations running, and the district court erred in dismissing her claim as time barred.

IV.

Appellees further contend that Appellant's complaint does not state a claim against the City of Wheeling upon which relief can be granted. We agree. Although the district court dismissed Appellant's complaint solely on timeliness grounds, "[t]he matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases." *Cnty Bd. of Arlington Cnty. v. Express Scripts Pharmacy, Inc.*, 996 F.3d 243, 254 (4th Cir. 2021) ("Generally, federal appellate courts should not consider issues that were not first addressed by the district court.") (citing *Bakker v. Grutman*, 942 F.2d 236, 242 (4th Cir. 1991)). Here, the issue as to dismissal of the City of Wheeling has been fully briefed and the interest of judicial economy favors resolving it at this juncture.

Section 1983 provides an avenue for plaintiffs to file suit against any person who "subjects, or cause to be subjected, any citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. Section 1983; *see also Filarsky v. Delia*, 566 U.S. 377 (2012). In *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978), the Supreme Court determined that "municipalities and other local government units" are subject to suit pursuant to Section 1983. But, to hold a municipality liable for a constitutional violation pursuant to *Monell*, a plaintiff must establish "the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights.

12

*Howard v. City of Durham*, 68 F.4th 934, 952 (4th Cir. 2023) (citing *Jordan ex rel. Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994)).

Appellant's complaint does not put forth any allegation against the City of Wheeling that could plausibly approximate a municipal policy or custom that would support the City's liability under a *Monell* theory. In fact, the one and only instance in which the City is directly identified in the complaint is in the "Parties" section, where Appellant identifies the City of Wheeling as a "municipality." While Appellant did not have to prove her claim in her complaint, she did need to plausibly allege a claim against each defendant, and she plainly did not do so as to the City.

Therefore, we affirm the district court's dismissal as to the City of Wheeling.

V.

For the foregoing reasons, the judgment of the district court is

*AFFIRMED IN PART, REVERSED IN PART, AND REMANDED*.

13